ORIGINAL

CARY T. TANAKA      4858-0
Attorney at Law
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885

Attorney for Defendant
RAYMOND ANCHETA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 27 2005

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, individually and in his capacity as chief operating officer and owners of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>        Plaintiff,<br><br>    vs.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-25,<br><br>        Defendants. | CIVIL NO. 03-00710 BMK<br><br>DEFENDANT RAYMOND ANCHETA'S REQUESTED COURT INSTRUCTIONS AND PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br><br><br>TRIAL DATE:   January 4, 2006 |

DEFENDANT RAYMOND ANCHETA'S REQUESTED COURT
INSTRUCTIONS AND PROPOSED JURY INSTRUCTIONS

Comes now Defendant RAYMOND ANCHETA, by his attorney,

Cary T. Tanaka, and respectfully requests the following Court's

Instruction Nos. 1.1, 1.2, 1.4 (modified), 1.5, 2.1, 2.2, 2.3,

3.1, 3.2, 3.3, 4.3, 4.5, 4.6, 5.1, 5.2, 5.3, 6.1, 6.2, 6.3, 6.4,

7.1, 8.1, 8.3, 8.5, 8.8, 8.9, 8.10, 8.12, 8.13, 8.14, 8.15, 8.16,

8.17, 8.18, 9.1, 9.2, and 9.3 and Defendant Mark Boyce's Jury

Instruction Nos. 1 through __32__, inclusive, hereto attached.

DATED:  Honolulu, Hawaii, December 27, 2005.

_____
CARY T. TANAKA
Attorney for Defendant
RAYMOND ANCHETA

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 1

Plaintiff in this action claims that the Defendants violated his constitutional rights.  As a result of the Defendants' actions, Plaintiff claims that he suffered injuries for which he seeks damages.

Defendants deny that any of their actions during the time in question violated Plaintiff's constitutional rights.  Defendants claim that their actions were reasonable and that they were acting in good faith.  Defendants further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove his claims under this statute, Plaintiff must establish by a preponderance of the evidence each of the following elements:

(1)    the Defendants intentionally committed acts which operated to deprive the Plaintiff of a right secured by the Constitution of the United States;

(2)   the Defendants acted under color of the authority

of the State of Hawaii;

(3)   that the Defendants' acts were the legal cause of

Plaintiff's damages.

In this case you are instructed that Defendants were acting under color of state law at the time of the acts complained of. Plaintiff alleges that Defendants unlawfully searched his property and unlawfully seized his firearms.

The reasonableness of Defendants' actions must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one:   the question is whether the Defendants' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that Plaintiff has proven his claims, you must then consider the Defendants' defense, that they acted in good faith and thus are not liable.

Police officers are presumed to know about the basic, unquestioned constitutional rights of citizens. Thus, Plaintiff need not prove that Defendants acted with the specific knowledge of Plaintiff's constitutional rights that were allegedly violated.

If, after considering the scope of the discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that the Defendants had a reasonable and good faith belief that their actions would not violate Plaintiff's constitutional rights then you cannot find Defendants liable even if Plaintiff's rights were in fact violated as a result of Defendants' good faith action.

Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendants was a cause-in-fact of the damage Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the

- 3 -

evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendants was a proximate cause of the damage Plaintiff suffered.  An act or omission is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.


If you should find for Plaintiff and against the Defendants, then you must decide the issue of damages.


Fifth Circuit Civil Jury
Instructions, Section 10.1 (1995)
(modified to fit the facts)


- 4 -

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 2

On Plaintiff's 42 U.S.C. § 1983 claim, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1.  the acts or omissions of the Defendants were intentional;

2.  the Defendants acted under color of law; and

3.  the acts or omissions of the Defendant were the legal cause of the deprivation of Plaintiff's rights protected by the Constitution of the United States.

If you find that each of these things has been proved against a defendant, your verdict should be for the Plaintiff and against that Defendant on the 42 U.S.C. § 1983 claim.  On the other hand, if any of these things has not been proved against a Defendant, your verdict should be for that Defendant with regard to Plaintiff's 42 U.S.C. § 1983 claim.

Ninth Circuit Model Civil Jury
Instruction 11.1.0, 11.1.1 & 5.4

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 3

Legal justification is a reason acceptable to a court, as to why the defendant did what he is charged with doing.

Black's Law Dictionary

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 4

Conduct is justifiable when it is required or authorized by:

    (a)  The law defining the duties or functions of a public officer or the assistance to be rendered to a public officer in the performance of his duties;

    (b)  Any other provision or law imposing a public duty.

Hawaii Revised Statutes, Section 703-303(1)(a) and (e).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 5

Defendant City and County of Honolulu may be liable under 42 U.S.C. § 1983 only if Plaintiff proves that it had an official policy, practice or custom which caused the constitutional depravation which Plaintiff is complaining of.

Monell v. Department of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed. 2d 611 (1978).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 6


When a plaintiff is deprived of a constitutional right as a result of the official policy of the City, the City is liable for the deprivation.


Model Jury Instructions for the
District Courts of the 9th Circuit,
No. 11.3.1, as modified.

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 7

"Official policy" means:

1.    a rule or regulation promulgated, adopted, or ratified by the Honolulu Police Department;

2.    a policy statement or decision that is officially made by the City's lawmaking officer or policy-making official;

3.    a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city; or

4.    an act or omission ratified by the City's lawmaking officer' or policy-making official.

Model Jury Instructions for the
District Courts of the 9th Circuit,
No. 11.3.2. (as modified) (1999).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 8


On Plaintiff's claim against the City and County of Honolulu for failure to train, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1.  the City's training program was not adequate to train its officers to respond properly to the usual and recurring situations with which they must deal;

2.  the City was deliberately indifferent to the need to train its officers adequately; and

3.  the failure to provide proper training was the legal cause of the deprivation of Plaintiff's rights protected by the Constitution of the United States.


If you find that each of these things has been proved against a defendant, your verdict should be for the Plaintiff and against the City and County of Honolulu on the 42 U.S.C. § 1983 claim.  On the other hand, if any of these things has not been proved against a Defendant, your verdict should be for Defendant City and County of Honolulu on the 42 U.S.C. § 1983 claim.


Ninth Circuit Model Civil Jury
Instruction 11.3.4 & 5.4

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 9


    "Deliberate indifference" to the rights of others is the
conscious or reckless disregard of the consequences of one's acts
or omissions.


                                        Ninth Circuit Model Civil Jury
                                        Instruction 11.3.5

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 10


The "reasonableness" of a particular seizure depends not only on when it is made, but also on how it is carried out.

Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871 (1989)(citing Tennessee v. Garner, 471 U.S. at 7-8, 105 S.Ct., at 1698).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 11

Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the governmental interest at stake.

Graham v. Connor, 490 U.S. 396, 109 S.Ct. at 1871.

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 12


In analyzing the reasonableness of a particular search or seizure, it is imperative that the facts be judged against an objective standard.

Terry v. Ohio, 392 U.S. at 21, 88 S.Ct. at 1879.

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 13

The reasonableness of the conduct of police officers must be judged from the perspective of a reasonable officer at the scene, rather than the 20/20 vision of hindsight.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force in a particular situation.

The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motive.

Graham v Connor, 490 U.S. 386, 396-397, 104 L.Ed.2d 443,455-456, 109 S.Ct. 1865 (1989)

Hansen v. Black, 885 F.2d 642 (9th Cir. 1989)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 14


A police officer or other officer of justice, may, without warrant, detain for examination any person when the officer has probable cause to believe that such person has committed any offense, whether in the officer's presence or otherwise.

A police officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a crime has been or is being committed.


HRS § 803-5 (Modified)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 15

The presence of exigent circumstances excuses a police officer from obtaining a warrant to enter private property.

United States v. McConney, 728 F.2d 1195 (9th Cir.)(en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 16


A search is reasonable, and a search warrant is not required, if all of the circumstances known to the officer at the time would cause a reasonable person to believe that entry or search was necessary to prevent physical harm to the officer or other persons, the destruction or concealment of evidence, or the escape of a suspect, and if there was insufficient time to get a search warrant.


Ninth Circuit Model Civil Jury
Instructions 11.1.6

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 17


As to Plaintiff's claims for negligence, Hawaii law provides that a police officer exercising his authority is not liable for injuries unless he is motivated by malice and not by any otherwise proper purpose.  Malice is shown where an officer's conduct is transparently improper.


Plaintiff bears the burden of proving such malice with clear and convincing evidence.


Runnels v. Okamoto, 56 Haw. 1, 525 P.2d 1125 (1974).

Orso v. City and County of Honolulu, 56 Haw. 241, 534 P.2d 489 (1975).

Lane v. Yamamoto, 2 Haw. App. 176 (1981)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 18

Plaintiff may recover damages for negligent infliction of emotional distress only if he proves that a reasonably prudent person in the same situation and possessing the same knowledge as Defendants would have foreseen that someone in Plaintiff's position would have suffered serious mental distress because of their actions.

"Serious mental distress" is found where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress caused by the circumstances of the case.

If you find by clear and convincing evidence that a reasonable person, normally constituted, would have been unable to adequately cope with the mental stress caused by the conduct of Defendant, and that a reasonable person in Defendant's position should have foreseen this, then you may award Plaintiff damages for negligent infliction of emotional distress.

Nelson v. University of Hawai'i, 97 Hawai'i 376, 395, 38 P.3d 95, 114 (2001)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 19


Recovery for negligent infliction of emotional distress by one not physically injured is generally permitted only when there is "some physical injury to property or a person" resulting from the defendant's conduct.

Ross v. Stouffer Hotel Co. (Hawaii) Ltd., 76 Haw. 454 (1994).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 20


Plaintiff may recover damages for intentional infliction of emotional distress only if he proves:

> (1)  that the act allegedly causing the harm was intentional;
>
> (2)  that the act was unreasonable; and,
>
> (3)  that the actor should have recognized that the act was likely to result in illness.


An act is unreasonable if it is without just cause or excuse and beyond all bounds of decency.  In other words, the act complained of must be "outrageous"

Dunlea v. Dappen, 83 Haw. 28 (1996)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 21


Plaintiff may not recover damages for any emotional distress related to the litigation of this case.


Clark v. United States, 660 F.Supp 1164 (W.D. Wash.1987), affirmed, 856 F.2d 1433 (9th Cir. 1988); See also, Picogna v. Board of Ed., 143 N.J. 391, 398, 671 A.2d 1035, 1038 (1996) ("[State] courts are virtually unanimous in holding that litigation-induced stress is not recoverable as a separate component of damages." "Similarly, federal court decisions are unanimous in holding that litigation-induced stress may not be recovered as damages.")

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 22

Police officers, when acting in the performance of their
public duty, enjoy the protection of qualified immunity.

<u>Towse v. State</u>, 64 Haw. 624, 631,
647 P.2d 696, 702 (1982)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 23


Qualified immunity is an entitlement not to stand trial or fact the other burdens of litigation.

Mitchell v. Forsyth, 472 U.S. 511,
86 L.Ed.2d 411, 105 S.Ct. 2806
(1985).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 24


　　　Qualified immunity gives ample room for mistaken judgments of police officers by protecting all but the plainly incompetent or those who knowingly violate the law.  Qualified immunity allows police officers to make reasonable errors because they should not err always on the side of caution because they fear being sued.

Hunter v. Bryant, 502 U.S. 224, 116 L.Ed.2d 589, 112 S.Ct. 534 (1991)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 25


In order to find a supervisor liable under 42 U.S.C.
§ 1983, Plaintiff must establish that the supervisor caused the
constitutional injury, either by setting in motion a series of
acts by others, which the supervisor knows or reasonably should
know what would cause others to inflict the constitutional
injury, or, by personal participation.

Johnson v. Duffy, 588 F.2d 740,
743-744 (9th Cir. 1978).

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 26


You are instructed that your decision in this case must be supported by the evidence, and no finding or decision must be arrived at through guess, speculation or conjecture.  Neither should your decision be influenced by sympathy or prejudice.  You must first pass on the question of liability, and if you find for Defendants on the question of liability, then you will have no occasion to consider the matter of injuries or damages.

JIMI 5-2

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 27

If you find for the Plaintiff on his 42 U.S.C. § 1983 claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for the deprivation of civil rights proximately caused by the defendants. You should consider the following:

    1.   The loss of enjoyment of life experienced;

    2.   The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

    3.   The reasonable value of necessary medical care, treatment, and services received by Plaintiff;

    4.   The reasonable value of wages, earnings, earning capacity, salaries, and/or employment lost to the present time.

    5.   The reasonable value of wages, earnings, earning capacity, salaries, and employment which with reasonable probability will be lost in the future.

If you find for the Plaintiff, but you find that he has failed to prove actual damages, you must return an award of nominal damages not to exceed one dollar.

Ninth Circuit Model Jury
Instruction 11.4 [mitigation]

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 28

It is incumbent upon the injured person to submit to reasonable treatment and to follow the advice of a competent physician.  No damages will be allowed which might have been prevented by submitting to treatment to which a reasonably prudent person would have submitted to improve his or her condition.  If the injury is aggravated by the Plaintiff's neglect to follow the directions of her physician, he is to that extent barred from recovering.

Franco v. Fujimoto, 47 Haw. 408, 463 P.2d 740 (1964) (overruled in part, on other grounds, Baretto v. Akau, 51 Haw. 383, 463 P.2d 917 (1969))

Tabieros v. Clark Equipment Co., 85 Hawai'i 336, 944 P.2d 1279 (1997)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 29

If you award plaintiff any damages, then you may consider whether you should also award punitive damages.  The purposes of punitive damages are <u>not to compensate plaintiff, but</u><sup>i</sup> to punish the wrongdoer and to serve as an example or warning to the wrongdoer and other not to engage in such conduct.

You may award punitive damages against a particular defendant only if plaintiff proves by clear and convincing evidence that the particular defendant acted intentionally, willfully, wantonly, oppressively or with gross negligence. Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against the defendant and (2) the amount of money required to punish the defendant considering his financial condition.  In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time he committed the conduct which formed the basis for your prior award of damages against that defendant.  <u>In determining the allowance and amount of punitive damages, you should consider</u>

in mitigation of damages, any facts of plaintiff's words or conduct which, while not justifying defendant's actions, could provoke defendant.[2]  Any punitive damages must be reasonable.

---

[1] Masaki v. General Motors Corp., 71 Haw.1, 6, 780 P.2d 566, 570, reconsideration denied, 71 Haw. 664, 833 P.2d 899 (1989).

[2] Restatement (Second) Tort § 921

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 30

Punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

State Farm Mutual Automobile Ins. Co. v. Campbell, ____ S.Ct. ____. 2003 WL 1791206, April 7, 2003)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 31


Any award of punitive damages must be reasonable.


State Farm Mutual Automobile
Ins. Co. v. Campbell, ____
S.Ct. ____. 2003
WL 1791206, April 7, 2003)

DEFENDANT RAYMOND ANCHETA'S PROPOSED JURY INSTRUCTION NO. 32


Any award of punitive damages must be proportionate to the amount of harm to the plaintiff and to the general damages awarded, if any.

State Farm Mutual Automobile
Ins. Co. v. Campbell, _____
S.Ct. _____. 2003
WL 1791206, April 7, 2003)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MANSOUR AREKAT, individually )   CIVIL NO. 03-00710 BMK
and in his capacity as chief )
operating officer and owners )   CERTIFICATE OF SERVICE
of Arekat Pacific Security,   )
Inc., a Hawaii corporation    )
dba A.P.I. Security, Inc.,    )
                              )
            Plaintiff,        )
                              )
      vs.                     )
                              )
LEE D. DONOHUE, LETHA DE      )
CAIRES, MIKE MIRANDA, RAYMOND )
ANCHETA, CITY AND COUNTY OF   )
HONOLULU, and JOHN DOES       )
1-25,                         )
                              )
            Defendants.       )
_____)

CERTIFICATE OF SERVICE

     I hereby certify that a copy of the within was duly

delivered to the following individuals at their last known

addresses on December 27, 2005:

          ERIC A. SEITZ, ESQ.
          820 Mililani Street, Suite 714
          Honolulu, Hawaii 96813

          Attorney for Plaintiff

          D. SCOTT DODD, ESQ.
          Deputy Corporation Counsel
          530 South King Street, Room 110
          Honolulu, Hawaii 96813

          Attorney for Defendants
          LEE D. DONOHUE and
          CITY AND COUNTY OF HONOLULU

JAMES P. DANDAR, ESQ.
Suite 801 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
LETHA DE CAIRES

LYLE S. HOSODA, ESQ.
345 Queen Street, Suite 804
Honolulu, Hawaii 96813

Attorney for Defendant
MIKE MIRANDA


DATED:    Honolulu, Hawaii, December 27, 2005.


_____
CARY T. TANAKA
Attorney for Defendant
RAYMOND ANCHETA