INSTRUCTION NO. 3.6

CLEAR AND CONVINCING EVIDENCE

The plaintiff/defendant has the burden of proving certain facts, claims or defenses by "clear and convincing evidence." To "prove by clear and convincing evidence" means to prove by evidence which, in your opinion, produces a firm belief about the truth of the allegations which the parties have presented. It means to prove that the existence of a fact is highly probable.

"Clear and convincing evidence" is a higher requirement of proof than the "preponderance of the evidence" requirement, but it is a lower requirement of proof than the "beyond a reasonable doubt" requirement in criminal cases.

INSTRUCTION NO. 5.1

WEIGHT OF EVIDENCE AND CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(a) the witness' appearance and demeanor on the witness stand;

(b) the manner in which a witness testified and the degree of intelligence shown;

(c) the witness' degree of candor or frankness;

(d) the witness' interest, if any, in the result of this case;

(e) the witness' relationship to either party in the case;

(f) any temper, feeling or bias shown by the witness;

(g) the witness' character as shown by the evidence;

(h) the witness' means and opportunity to acquire information;

(i) the probability or improbability of the witness' testimony;

Hawai'i Civil Jury Instructions, 1999 edition          - 31 -

(j)   the extent to which the witness' testimony is
      supported or contradicted by other evidence;

(k)   the extent to which the witness made
      contradictory statements; and

(l)   all other circumstances affecting the witness'
      credibility.

Inconsistencies in the testimony of a witness, or
between the testimonies of different witnesses, may or may not
cause you to discredit the inconsistent testimony.  This is
because two or more persons witnessing an event may see or hear
the event differently.  An innocently mistaken recollection or
failure to remember is not an uncommon experience.  In examining
any inconsistent testimony, you should consider whether the
inconsistency concerns important matters or unimportant details.
You should also consider whether inconsistent testimony is the
result of an innocent mistake or a deliberate false statement.

INSTRUCTION NO. 5.2

DISCREDITED TESTIMONY

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

INSTRUCTION NO. 5.3

FALSE WITNESS

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

1.  The witness intentionally testified falsely in this trial about any important fact; or

2.  The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance. That is for you to decide.

INSTRUCTION NO. 6.2

FORESEEABILITY

In determining whether a person was negligent, it may help to ask whether a reasonable person in the same situation would have foreseen or anticipated that injury or damage could result from that person's action or inaction.  If such a result would be foreseeable by a reasonable person and if the conduct reasonably could be avoided, then not to avoid it would be negligence.

INSTRUCTION NO. 6.4

EFFECT OF COMPARATIVE NEGLIGENCE

If you find that plaintiff's(s') negligence is 50% or less, the Court will reduce the amount of damages you award by the percentage of the negligence you attribute to plaintiff(s).

If, on the other hand, you find that plaintiff's(s') negligence is more than 50%, the Court will enter judgment for defendant(s) and plaintiff(s) will not recover any damages.

Hawai'i Civil Jury Instructions, 1999 edition

INSTRUCTION NO. 7.1

LEGAL CAUSE

An act or omission is a legal cause of an injury/damage if it was a substantial factor in bringing about the injury/damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage.  In such a case, each may be a legal cause of the injury/damage.

INSTRUCTION NO. 8.1

DAMAGE INSTRUCTIONS - FOR GUIDANCE ONLY

Instructions on damages are only a guide for an award of damages if you find defendant(s) responsible to plaintiff(s). The fact that the Court is instructing you on damages does not mean that defendant(s) is/are responsible to plaintiff(s). That is for you to decide.

INSTRUCTION NO. 8.2

SPECIAL DAMAGES DEFINED

Special damages are those damages which can be calculated precisely or can be determined by you with reasonable certainty from the evidence.

INSTRUCTION NO. 8.3

GENERAL DAMAGES DEFINED

General damages are those damages which fairly and adequately compensate plaintiff(s) for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the injuries/damages sustained.

INSTRUCTION NO. 8.5

EMOTIONAL DISTRESS DEFINED

Emotional distress includes mental worry, anxiety, anguish, suffering, and grief, where they are shown to exist.

INSTRUCTION NO. 8.9

ELEMENTS OF DAMAGES

If you find for plaintiff(s) on the issue of liability, plaintiff(s) is/are entitled to damages in such amount as in your judgment will fairly and adequately compensate him/her/them for the injuries which he/she/they suffered.  In deciding the amount of such damages, you should consider:

1.    The extent and nature of the injuries he/she/they received, and also the extent to which, if at all, the injuries he/she/they received are permanent;

2.    The deformity, scars and/or disfigurement he/she/they received, and also the extent to which, if at all, the deformity, scars and/or disfigurement are permanent;

3.    The reasonable value of the medical services provided by physicians, hospitals and other health care providers, including examinations, attention and care, drugs, supplies, and ambulance services, reasonably required and actually given in the treatment of plaintiff(s) and the reasonable value of all such medical services reasonably probable to be required in the treatment of plaintiff(s) in the future;

4.    The pain, emotional suffering, and disability which he/she/they has/have suffered and is/are reasonably probable to suffer in the future because of the injuries, if any; and

5.    The lost income sustained by plaintiff(s) in the past and the lost income he/she/they is/are reasonably probable to

sustain in the future.

INSTRUCTION NO. 8.11

SPECULATIVE DAMAGES

Compensation must be reasonable.  You may award only such damages as will fairly and reasonably compensate plaintiff(s) for the injuries or damages legally caused by defendant's(s') negligence.

You are not permitted to award a party speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

<u>INSTRUCTION NO. 8.12</u>

PUNITIVE DAMAGES

If you award plaintiff(s) any damages, then you may consider whether you should also award punitive damages.  The purposes of punitive damages are to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct.

You may award punitive damages against a particular defendant only if plaintiff(s) have proved by clear and convincing evidence that the particular defendant acted intentionally, willfully, wantonly, oppressively or with gross negligence.  Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that defendant and (2) the amount of money required to punish that defendant considering his/her/its financial condition.  In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time he/she/it committed the conduct which formed the basis for your prior award of damages against that defendant. Any punitive damages you award must be reasonable.

INSTRUCTION NO. 8.13

PUNITIVE DAMAGES (DEFINITION OF "WILLFUL")

An act is "willful" when it is premeditated, unlawful,
without legal justification, or done with an evil intent, with a
bad motive or purpose, or with indifference to its natural
consequences.

INSTRUCTION NO. 8.14

PUNITIVE DAMAGES (DEFINITION OF "WANTON")

An act is "wanton" when it is reckless, heedless, or characterized by extreme foolhardiness, or callous disregard of, or callous indifference to, the rights or safety of others.

INSTRUCTION NO. 8.15

PUNITIVE DAMAGES (DEFINITION OF "OPPRESSIVE")

An act is "oppressive" when it is done with unnecessary harshness or severity.

INSTRUCTION NO. 8.16

PUNITIVE DAMAGES (DEFINITION OF "MALICIOUS")

An act is "malicious" when it is prompted or accompanied by ill will or spite.

INSTRUCTION NO. 8.17

PUNITIVE DAMAGES (DEFINITION OF "GROSS NEGLIGENCE")

Gross negligence is conduct that is more extreme than ordinary negligence.  It is an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to himself, herself, or other people or damage to property.  But gross negligence is something less than willful or wanton conduct.

INSTRUCTION NO. 8.18

MITIGATION OF DAMAGES

Any plaintiff claiming damages resulting from the wrongful act of a defendant has a duty under the law to use reasonable diligence under the circumstances to mitigate or minimize those damages.

If you find plaintiff(s) suffered damages, plaintiff(s) may not recover for any damages which he/she/it/they could have avoided through reasonable effort.  If you find that plaintiff(s) unreasonably failed to mitigate or lessen his/her/its/their damages, you should not award those damages which he/she/it/they could have avoided.

You are the sole judge of whether plaintiff(s) acted reasonably in mitigating his/her/its/their damages.  Plaintiff(s) may not sit idly by when presented with a reasonable opportunity to reduce his/her/its/their damages.  However, plaintiff(s) is/are not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating his/her/its/their damages. Defendant(s) has/have the burden of proving the damages which plaintiff(s) could have mitigated.

You must consider all of the evidence in light of the particular circumstances of the case in deciding whether defendant(s) have satisfied his/her/its/their burden of proving that plaintiff's(s') conduct was not reasonable.

Hawai'i Civil Jury Instructions, 1999 edition          - 67 -