ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 27 2005

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ              1412
LAWRENCE I. KAWASAKI       5820
820 Mililani Street
Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief executive officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-25,<br><br>Defendants. | CIVIL NO. 03-00710 BMK<br><br>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br><br>TRIAL: January 4, 2006 |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff submits the following proposed jury instructions for the trial of the above referenced matter:

I.   Court's "General Federal Jury Instructions in Civil Cases"

Plaintiff proposes that this court's instructions Nos. 1, 2A, 3, 4A, 5, 6, 7, 8, 9, 10, 11A, 12, 13B, 15, 16B, and 17 be

presented to the jury.

II. <u>Court's "Supplemental Jury Instructions in Civil Cases"</u>

Plaintiff proposes that this court's supplemental instructions Nos. 18A, 18B, 18C, 19, 20A, 20B, 21A, 21B, 21E, 21G, 21J be presented to the jury.

III. <u>Plaintiff's Proposed Instructions</u>

Plaintiff proposes the following additional instructions be presented to the jury:

| <u>Inst. No.</u> | <u>Instruction Title</u> |
|---|---|
| P-1 | Violations of Federal Civil Rights - Elements and Burden of Proof |
| P-2 | Under Color of Law Defined |
| P-3 | Unreasonable Search - Generally |
| P-4 | Unreasonable Seizure - Generally |
| P-5 | Unlawful Arrest - Generally |
| P-6 | Evidence Concerning H.R.S. Section 334-59(a)(1) |
| P-7 | Liability of Supervisors: Elements |

Dated: Honolulu, Hawaii, __December 27, 2005__.

_____
ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Plaintiff

VIOLATIONS OF FEDERAL CIVIL RIGHTS - ELEMENTS AND BURDEN OF PROOF

For the plaintiff's illegal search and seizure claims the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the acts or omissions of any defendant were intentional;

2. the defendant acted under color of law; and

3. the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Instruction 11.1, <u>Manual Model Civil Instructions For the District Courts of the Ninth Circuit</u>, 2001 Edition.

UNDER COLOR OF LAW DEFINED

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

Instruction 11.2, <u>Manual Model Civil Instructions For the District Courts of the Ninth Circuit</u>, 2001 Edition.

UNREASONABLE SEARCH - GENERALLY

Plaintiff claims that the defendants intentionally deprived him of the Fourth Amendment constitutional right to be free from an unreasonable search.

Plaintiff has the burden of proving by a preponderance of the evidence that the search was unreasonable.

Instruction 11.5, <u>Manual Model Civil Instructions For the District Courts of the Ninth Circuit</u>, 2001 Edition.

P-3

UNREASONABLE SEARCH -
EXCEPTIONS TO WARRANT REQUIREMENT -
INCIDENT TO LAWFUL ARREST

A search is reasonable, and a search warrant is not required, if a search is conducted incident to a lawful arrest.

An arresting officer may search only the person arrested and the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence.

Instruction 11.6, <u>Manual Model Civil Instructions For the District Courts of the Ninth Circuit</u>, 2001 Edition.

## UNLAWFUL ARREST - GENERALLY

In this case, Plaintiff claims that Defendants unlawfully arrested him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendants arrested Plaintiff;

2. Defendants did not have probable cause to arrest Plaintiff;

3. Defendants were acting under color of law.

If you find that Plaintiff has proven each of these things by a preponderance of the evidence, then you should find for Plaintiff and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

Instruction 7.05, <u>Seventh Circuit Federal Jury Instructions, Civil</u>, 2005 Edition (modified).

EVIDENCE CONCERNING H.R.S. SECTION 334-59(a)(1)

You have heard evidence on the procedure by which an emergency mental health examination may be conducted pursuant to Section 334-59(a)(1) of the Hawaii Revised Statutes when a police officer has reason to believe that a person is imminently dangerous to self or others, or is gravely disabled, or is obviously ill.

If you find that Plaintiff has proven by a preponderance of the evidence that Defendants did <u>not</u> obtain sufficient evidence, in accordance with the procedures provided in H.R.S. Section 334-59(a)(1), to arrest Plaintiff and to compel him to undergo a psychiatric evaluation then you should find for Plaintiff and go on to consider the question of damages.

H.R.S. §334-59(a)(1); <u>Aiuppa v. United States</u>, 338 F.2d 146 (10th Cir. 1964)(holding that an arrest made without statutory authority, cannot be sustained for probable cause).

P-6

LIABILITY OF SUPERVISORS: ELEMENTS

To succeed on his claim against Defendant Raymond Ancheta, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendants DeCaires and/or Miranda arrested and detained Plaintiff without probable cause to believe that Plaintiff was "imminently dangerous to himself or others";

2. Defendant Ancheta knew that Defendants DeCaires and/or Miranda were about to arrest and detain Plaintiff without probable cause to believe that Plaintiff was "imminently dangerous to himself or others";

3. Defendant Ancheta approved, assisted, condoned and/or purposely ignored Defendants DeCaires and/or Miranda's unlawful arrest and detention of Plaintiff;

4. As a result, Plaintiff was injured.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Ancheta, and you will not consider the question of damages.

Instruction 7.17, Seventh Circuit Federal Jury Instructions, Civil, 2005 Edition (modified); H.R.S. §334-59(a)(1).

P-7

CERTIFICATE OF SERVICE

    I DO HEREBY CERTIFY that one copy of Plaintiff's Motion to Strike Defendants' Naming of Experts was duly served this date by hand-delivery to the following at the addresses listed below:

CARRIE K.S. OKINAGA, ESQ.
D. SCOTT DODD, ESQ.
Corporation Counsel
530 S. King Street
Room 110
Honolulu, Hawaii 96813

Attorneys for Defendants
Lee D. Donohue and
City and County of Honolulu


JAMES P. DANDAR, ESQ.
JAY T. SUEMORI ESQ.
JOHN KOA HOLIONA, ESQ.
RENEE M. FURUTA, ESQ.
801 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
Letha De Caires


LYLE S. HOSODA, ESQ.
RAINA P.B. MEAD, ESQ.
CHRISTOPHER T. CHUN, ESQ.
345 Queen Street
Suite 804
Honolulu, Hawaii 96813

Attorneys for Defendant
Mike Miranda


CARY TANAKA, ESQ.
Topa Financial Center
Fort Street Tower
745 Bishop Street, Suite 510
Honolulu, Hawaii 96813

```
                    Attorney for Defendant
                    Raymond Ancheta

DATED:  Honolulu, Hawaii,   December 27    , 2005.


                    _____
                         ERIC A. SEITZ
```