CARRIE K.S. OKINAGA, 5958
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawai'i 96813
Telephone:  527-6837
Facsimile:   523-4583
Email address:  ddodd@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU
and LEE D. DONOHUE

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 27 2005

at 4 o'clock and 54 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-23,<br><br>Defendants. | CIVIL NO. CV03-00710 BMK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S OPPOSITION TO PLAINTIFF'S SECOND MOTION IN LIMINE TO BAR DEFENDANTS FROM PRESENTING ANY INDIRECT EVIDENCE ABOUT WHAT AGENTS OF THE FBI AND/OR THE STATE ATTORNEY GENERAL'S OFFICE REPORTED TO DEFENDANT DE CAIRES ABOUT PLAINTIFF; CERTIFICATE OF SERVICE |

|  |  |
|---|---|
| Date: | January 3, 2006 |
| Time: | 9:30 a.m. |
| Judge: | Barry M. Kurren |
| Trial Date: | January 4, 2006 |

### DEFENDANT CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S OPPOSITION TO PLAINTIFF'S SECOND MOTION IN LIMINE TO BAR DEFENDANTS FROM PRESENTING ANY INDIRECT EVIDENCE ABOUT WHAT AGENTS OF THE FBI AND/OR THE STATE ATTORNEY GENERAL'S OFFICE REPORTED TO DEFENDANT DE CAIRES ABOUT PLAINTIFF

Comes Now Defendants LEE D. DONOHUE and CITY AND COUNTY OF HONOLULU (hereinafter referred to as "City Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, and file this memorandum in opposition to Plaintiff's second motion, in limine, to bar defendants from presenting any indirect evidence about what agents of the FBI and/or the State Attorney General's Office reported to Defendant De Caires about Plaintiff filed on December 20, 2005. For the reasons stated herein, the City Defendants request that Plaintiff's second motion in limine be denied.

Plaintiff argues that any evidence regarding reports/statements Defendant De Caires received from the FBI and/or the State Attorney General's Office, which is presented by someone other than the person who made such reports/statements, clearly constitutes hearsay. The City Defendants assert that such statements are not always hearsay.

Rules 801(c) of the Federal Rules of Evidence defines hearsay as follows:

> (c) **Hearsay.** "Hearsay" is a statement, other than one made by the declaring while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

As can be clearly seen, if the evidence is *not offered in evidence to prove the truth of the matter asserted,* **it is not hearsay.** City Defendants seek to introduce evidence of statements made to Defendant De Caires not to prove the truth of such statements, but rather to show that De Caires had reason to believe that Plaintiff Arekat was obviously [mentally] ill satisfying the requirements of Hawaii Revised Statutes section 334-1, and thus had reason to have Plaintiff brought to Queens Medical Center for an involuntary medical examination. Furthermore, statements made by Plaintiff to the FBI or to the State Attorney General's Office (which were then related to Defendant De Caires) could also constitute *admissions* by Plaintiff, which would not constitute hearsay pursuant to FRE 801(d)(2).

The prior investigation of Plaintiff by the FBI and the State AG's Office are relevant with respect to Defendant De Caires' investigation of Plaintiff. The fact that the FBI and the State AG's Office were concerned enough about Plaintiff's mental stability to discuss the situation with Defendant De Caires would certainly have an effect on Defendant De Caires' conclusions and impressions as they relate to this case.

Plaintiff's requested relief of an order from this Court barring Defendants from presenting any evidence about what agents of the FBI and/or the State Attorney General's Office reported to Defendant De Caires about Plaintiff is far too reaching.  It would exclude relevant non-hearsay statements from the jury to determine the reasonableness of Defendant De Caires' decision to have Plaintiff taken into custody and transported to Queen's Medical Center for a mental examination pursuant to H.R.S. 334-59.  Additionally, Plaintiff argues that the introduction of such evidence at trial would be prejudicial to Plaintiff as Plaintiff was not given an opportunity to conduct cross-examination regarding the witnesses from the other agencies.  However, Plaintiff has made no attempt to secure such information prior to trial, and was aware of the investigations of the other agencies well in advance of trial.  Plaintiff had ample opportunity to conduct whatever discovery he thought necessary to prepare for trial; it is not the responsibility of the Defendants to conduct all discovery Plaintiff might find beneficial.

\\
\\
\\
\\
\\

-5-

For the above-referenced reasons, Defendants respectfully request that Plaintiff's Second Motion in Limine be denied.

DATED: Honolulu, Hawai'i, December 27, 2005.

          CARRIE K.S. OKINAGA
          Corporation Counsel

By: _____
     D SCOTT DODD
     Deputy Corporation Counsel

     Attorney for Defendants
     CITY AND COUNTY OF HONOLULU
     and LEE D. DONOHUE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-23,<br><br>Defendants. | CIVIL NO. CV03-00710 BMK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was duly served by hand-delivery to the following individuals at their last known addresses on December 27, 2005:

    ERIC A. SEITZ, ESQ.
    LAWRENCE I. KAWASAKI, ESQ.
    820 Mililani Street, Suite 714
    Honolulu, Hawai'i 96813
    Attorney for Plaintiff

LYLE S. HOSODA, ESQ.
Lyle S. Hosoda & Associates, LLC
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Attorney for Defendant
MIKE MIRANDA

JAMES P. DANDAR, ESQ.
JAY T. SUEMORI, ESQ.
JOHN KOA HOLIONA, ESQ.
RENEE M. FURUTA, ESQ.
Dandar Suemori
841 Bishop Street, Suite 801
Honolulu, Hawai'i 96813
Attorney for Defendant
LETHA DE CAIRES

CARY T. TANAKA, ESQ.
Suite 510, Fort Street
745 Fort Street
Honolulu, Hawai'i 96813
Attorney for Defendant
RAYMOND ANCHETA

DATED: Honolulu, Hawai'i, December 27, 2005.

                        CARRIE K.S. OKINAGA
                        Corporation Counsel

      By: _____
              D SCOTT DODD
              Deputy Corporation Counsel

              Attorney for Defendants
                CITY AND COUNTY OF HONOLULU
              and LEE D. DONOHUE