CARRIE K.S. OKINAGA, 5958
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawaiʻi 96813
Telephone:   527-6837
Facsimile:    523-4583
Email address:  ddodd@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU
and LEE D. DONOHUE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 7 2005

at 4 o'clock and 14 min. P M
SUE BEITIA, CLERK

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

MANSOUR AREKAT, Individually
and in his capacity as chief operating
officer and owner of Arekat Pacific
Security, Inc., a Hawaii corporation dba
A.P.I. Security, Inc.,

　　　　　Plaintiff,

　　vs.

LEE D. DONOHUE, LETHA DE
CAIRES, MIKE MIRANDA,
RAYMOND ANCHETA, CITY AND
COUNTY OF HONOLULU, and
JOHN DOES 1-23,

　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. CV03-00710 BMK

DEFENDANT CITY AND COUNTY
OF HONOLULU AND LEE D.
DONOHUE'S JURY
INSTRUCTIONS; CERTIFICATE OF
SERVICE

[With Cites]

Date:　　January 3, 2006
Time:　　9:30 a.m.
Judge:　　Barry M. Kurren
Trial Date:　January 4, 2006

## DEFENDANT CITY AND COUNTY OF HONOLULU
## AND LEE D. DONOHUE'S JURY INSTRUCTIONS

Defendants CITY AND COUNTY OF HONOLULU and LEE D.

DONOHUE by and through their attorneys, Carrie K. S. Okinaga, Corporation

Counsel, and D. Scott Dodd, Deputy Corporation Counsel, herein submit the

following Proposed Jury Instructions, pursuant to Rule 51-1 of the Rules of the

United States District Court for the District of Hawaii.

DATED:  Honolulu, Hawai'i, December 27, 2005.

CARRIE K.S. OKINAGA
Corporation Counsel

By:  _____

D SCOTT DODD
Deputy Corporation Counsel

Attorney for Defendants
CITY AND COUNTY OF HONOLULU
and LEE D. DONOHUE

[§1983 City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 1.

   You must not be prejudiced or biased in favor of or against a party

simply because the party is a municipal corporation. You must treat municipal

entities the same as you treat individuals. In this case, the City and County of

Honolulu is entitled to receive the same fair and unprejudiced treatment that an

individual plaintiff/defendant would receive under similar circumstances.

Ninth Circuit Civil Jury Instructions, District of Hawaii
General Federal Jury Instructions in Civil Cases, No. 1.3
(as modified)(1994).

[§1983 indiv.]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 2.

Plaintiff in this action claims that the Defendants violated his constitutional rights. As a result of the Defendants' actions, Plaintiff claims that he suffered injuries for which he seek damages.

Defendants deny that any of their actions during the time in question violated Plaintiff's constitutional rights. Defendants claim that their actions were reasonable and that they were acting in good faith. Defendants further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove their claims under this statute, Plaintiff must established by a preponderance of the evidence each of the following elements:

(1)     the Defendants intentionally committed acts which operated to deprive the Plaintiff of a right secured by the Constitution of the United States;

-2-

(2)    the Defendants acted under color of the authority of the State of
Hawaii;

(3)    that the Defendants' acts were the legal cause of Plaintiff's damages.

In this case you are instructed that Defendants were acting under color of
state law at the time of the acts complained of.  Plaintiff alleges that Defendants
unlawfully searched his property and unlawfully seized his firearms.

The reasonableness of Defendants' actions must be judged from the
perspective of a reasonable officer on the scene, rather than with the 20/20 vision
of hindsight.  The nature of reasonableness must embody allowance for the fact
that police officers are often forced to make split-second judgments - in
circumstances that are tense, uncertain, and rapidly evolving - about the amount of
force that is necessary in a particular situation.

This reasonableness inquiry is an objective one:  the question is whether the
Defendants' actions are objectively reasonable in light of the facts and
circumstances confronting them, without regard to their underlying intent or
motivation.

If you find that Plaintiff has proven his claims, you must then consider the
Defendants' defense, that they acted in good faith and thus are not liable.

Police officers are presumed to know about the basic, unquestioned
constitutional rights of citizens.  Thus Plaintiff need not prove that Defendants

acted with the specific knowledge of Plaintiff's constitutional rights that were allegedly violated.

If, after considering the scope of the discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that the Defendants had a reasonable and good faith belief that their actions would not violate Plaintiff's constitutional rights then you cannot find Defendants liable even if Plaintiff's rights were in fact violated as a result of Defendants' good faith action.

Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendants was a cause-in-fact of the damage Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendants was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you should find for Plaintiff and against the Defendants, then you must decide the issue of damages.

Fifth Circuit Civil Jury Instructions, Section 10.1 (1995)
(modified to fit the facts)

[§1983 indiv.]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 3.

On Plaintiff's 42 U.S.C. § 1983 claim, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. the acts or omissions of the Defendants were intentional;

2. the Defendants acted under color of law; and

3. the acts or omissions of the Defendant were the legal cause of the deprivation of Plaintiff's rights protected by the Constitution of the United States.

If you find that each of these things has been proved against a defendant, your verdict should be for the Plaintiff and against that Defendant on the 42 U.S.C. § 1983 claim. On the other hand, if any of these things has not been proved against a Defendant, your verdict should be for that Defendant with regard to Plaintiff's 42 U.S.C. § 1983 claim.

Ninth Circuit Model Civil Jury Instruction 11.1.0, 11.1.1 & 5.4

-6-

[§1983 indiv]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 4.

Legal justification is a reason acceptable to a court, as to why the defendant

did what he is charged with doing.

Black's Law Dictionary

[§1983 indiv]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 5.

Conduct is justifiable when it is required or authorized by:

(a)     The law defining the duties or functions of a public officer or

the assistance to be rendered to a public officer in the

performance of his duties;

(b)     Any other provision or law imposing a public duty.

Hawaii Revised Statutes, Section 703-303(1)(a)
and (e).

-8-

[§1983 City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 6.

Defendant City and County of Honolulu may be liable under 42 U.S.C. § 1983 only if Plaintiff proves that it had an official policy, practice or custom which caused the constitutional depravation which Plaintiff is complaining of.

Monell v. Department of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed. 2d 611 (1978).

[§1983 City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 7.

When a plaintiff is deprived of a constitutional right as a result of the official

policy of the City, the City is liable for the deprivation.

Model Jury Instructions for the District Courts of the 9th
Circuit, No. 11.3.1, as modified.

[§1983 City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 8.

"Official policy" means:

a rule or regulation promulgated, adopted, or ratified by the Honolulu Police

Department;

a policy statement or decision that is officially made by the City's

lawmaking officer or policy-making official;

a custom that is a permanent, widespread, well-settled practice that

constitutes a standard operating procedure of the city; or

an act or omission ratified by the City's lawmaking officer' or policy-

making official.

Model Jury Instructions for the District Courts of the 9th Circuit, No. 11.3.2. (as modified) (1999).

-11-

[§1983 City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 9.

      Lee D. Donohue was a policy-making official of the City and County

of Honolulu as of December 15, 2003.

Ninth Circuit Model Civil Jury Instructions, No. 11.13
(as modified)(2004)

-12-

[neg. training City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 10.

On Plaintiff's claim against the City and County of Honolulu for failure to train, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1.   the City's training program was not adequate to train its officers to respond properly to the usual and recurring situations with which they must deal;

2.   the City was deliberately indifferent to the need to train its officers adequately; and

3.   the failure to provide proper training was the legal cause of the deprivation of Plaintiff's rights protected by the Constitution of the United States.

If you find that each of these things has been proved against a defendant, your verdict should be for the Plaintiff and against the City and County of Honolulu on the 42 U.S.C. § 1983 claim.  On the other hand, if any of these things has not been proved against a Defendant, your verdict should be for Defendant City and County of Honolulu on the 42 U.S.C. § 1983 claim.

> Ninth Circuit Model Civil Jury Instruction 11.3.4 & 5.4

[neg training City]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 11.

"Deliberate indifference" to the rights of others is the conscious or reckless

disregard of the consequences of one's acts or omissions.

Ninth Circuit Model Civil Jury Instruction
11.3.5

-14-

[seizure]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 12.

The "reasonableness" of a particular seizure depends not only on when it is

made, but also on how it is carried out.

Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct.
1865, 1871 (1989)(citing Tennessee v. Garner, 471
U.S. at 7-8, 105 S.Ct., at 1698).

[seizure]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 13.

Determining whether the force used to effect a particular seizure is

"reasonable" under the Fourth Amendment requires a careful balancing of the

nature and quality of the intrusion on the individual's Fourth Amendment interest

against the governmental interest at stake.

Graham v. Connor, 490 U.S. 396, 109 S.Ct. at
1871.

[search & seizure]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 14.

    In analyzing the reasonableness of a particular search or seizure, it is

imperative that the facts be judged against an objective standard.

<u>Terry v. Ohio</u>, 392 U.S. at 21, 88 S.Ct. at
1879.

-17-

[search & seizure]

### DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 15.

The reasonableness of the conduct of police officers must be judged from the perspective of a reasonable officer at the scene, rather than the 20/20 vision of hind sight.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force in a particular situation.

The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motive.

Graham v Connor, 490 U.S. 386, 396-397, 104 L.Ed.2d 443,455-456, 109 S.Ct. 1865 (1989)

Hansen v. Black, 885 F.2d 642 (9th Cir. 1989)

[detention]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 16.

A police officer or other officer of justice, may, without warrant, detain for examination any person when the officer has probable cause to believe that such person has committed any offense, whether in the officer's presence or otherwise.

A police officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a crime has been or is being committed.

HRS § 803-5 (Modified)

[search]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 17.

The presence of exigent circumstances excuses a police officer from

obtaining a warrant to enter private property.

United States v. McConney, 728 F.2d 1195
(9th Cir.)(en banc), cert. denied, 469 U.S.
824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

[search]

   DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 18.

       A search is reasonable, and a search warrant is not required, if a

person in lawful possession of the area knowingly and voluntarily consents to the

search.

Ninth Circuit Model Civil Jury Instructions, No. 11.7
(2002)

-21-

[seizure]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 19.

A search is reasonable, and a search warrant is not required, if all of the
circumstances known to the officer at the time would cause a reasonable person to
believe that entry or search was necessary to prevent physical harm to the officer
or other persons, the destruction or concealment of evidence, or the escape of a
suspect, and if there was insufficient time to get a search warrant.

Ninth Circuit Model Civil Jury Instructions
11.1.6

[Negligence]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
ONOHUE'S PROPOSED JURY INSTRUCTION NO. 20.

As to Plaintiff's claims for negligence, Hawaii law provides that a police

officer exercising his authority is not liable for injuries unless he is motivated by

malice and not by any otherwise proper purpose. Malice is shown where an

officer's conduct is transparently improper.

Plaintiff bears the burden of proving such malice with clear and convincing

evidence.

Runnels v. Okamoto, 56 Haw. 1, 525 P.2d 1125 (1974).

Orso v. City and County of Honolulu, 56 Haw. 241, 534
P.2d 489 (1975).

Lane v. Yamamoto, 2 Haw. App. 176 (1981)

[NIED]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 21.

Plaintiff may recover damages for negligent infliction of emotional distress only if he proves that a reasonably prudent person in the same situation and possessing the same knowledge as Defendants would have foreseen that someone in Plaintiff's position would have suffered serious mental distress because of their actions.

"Serious mental distress" is found where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress caused by the circumstances of the case.

If you find by clear and convincing evidence that a reasonable person, normally constituted, would have been unable to adequately cope with the mental stress caused by the conduct of Defendant, and that a reasonable person in Defendant's position should have foreseen this, then you may award Plaintiff damages for negligent infliction of emotional distress.

Nelson v. University of Hawai'i,
97 Hawai'i 376, 395, 38 P.3d 95, 114
(2001)

[NIED]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 22.


Recovery for negligent infliction of emotional distress by one not physically

injured is generally permitted only when there is "some physical injury to property

or a person" resulting from the defendant's conduct.


Ross v. Stouffer Hotel Co. (Hawaii) Ltd., 76 Haw. 454
(1994).

[IIED]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 23.

Plaintiff may recover damages for intentional infliction of emotional distress only if he proves:

(1)    that the act allegedly causing the harm was intentional;

(2)    that the act was unreasonable; and,

(3)    that the actor should have recognized that the act was likely to result in illness.

An act is unreasonable if it is without just cause or excuse and beyond all bounds of decency.  In other words, the act complained of must be "outrageous"

Dunlea v. Dappen, 83 Haw. 28 (1996)

[ED]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 24.

     Plaintiff may not recover damages for any emotional distress related to the

litigation of this case.

> Clark v. United States, 660 F.Supp 1164
> (W.D. Wash.1987), affirmed, 856 F.2d 1433
> (9th Cir. 1988); See also, Picogna v. Board
> of Ed., 143 N.J. 391, 398, 671 A.2d 1035,
> 1038 (1996) ("[State] courts are virtually
> unanimous in holding that litigation-induced
> stress is not recoverable as a separate
> component of damages." "Similarly, federal
> court decisions are unanimous in holding
> that litigation-induced stress may not be
> recovered as damages.")

[Qualified Immunity]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 25.

Police officers, when acting in the performance of their public duty, enjoy

the protection of qualified immunity.

Towse v. State, 64 Haw. 624, 631, 647 P.2d 696, 702
(1982)

[Qualified Immunity]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 26.

    Qualified immunity is an entitlement not to stand trial or fact the other

burdens of litigation.

Mitchell v. Forsyth, 472 U.S. 511, 86 L.Ed.2d 411, 105
S.Ct. 2806 (1985).

-29-

[Qualified Immunity]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 27.

Qualified immunity gives ample room for mistaken judgments of police

officers by protecting all but the plainly incompetent or those who knowingly

violate the law.  Qualified immunity allows police officers to make reasonable

errors because they should not err always on the side of caution because they fear

being sued.

Hunter v. Bryant, 502 U.S. 224, 116 L.Ed.2d 589,
112 S.Ct. 534 (1991)

-30-

[Supervisor Liability]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 28.

In order to find a supervisor liable under 42 U.S.C. § 1983, Plaintiff must

establish that the supervisor caused the constitutional injury, either be setting in

motion a series of acts by others, which the supervisor knows or reasonably should

know what would cause others to inflict the constitutional injury, or, by personal

participation.

Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978).

[Damages]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 29.

You are instructed that your decision in this case must be supported by the
evidence, and no finding or decision must be arrived at through guess, speculation
or conjecture.  Neither should your decision be influenced by sympathy or
prejudice.  You must first pass on the question of liability, and if you find for
Defendants on the question of liability, then you will have no occasion to consider
the matter of injuries or damages.

JIMI 5-2

[§1983 Damages]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 30.

If you find for the Plaintiff on his 42 U.S.C. § 1983 claim, you must

determine Plaintiff's damages. Plaintiff has the burden of proving damages by a

preponderance of the evidence. Damages means the amount of money which will

reasonably and fairly compensate the plaintiff for the deprivation of civil rights

proximately caused by the defendants. You should consider the following:

      1. The loss of enjoyment of life experienced;

      2. The mental and emotional pain and suffering experienced and

which with reasonable probability will be experienced in the future;

      3. The reasonable value of necessary medical care, treatment, and

services received by Plaintiff;

      4. The reasonable value of wages, earnings, earning capacity,

salaries, and/or employment lost to the present time.

      5. The reasonable value of wages, earnings, earning capacity,

salaries, and employment which with reasonable probability will be lost in

the future.

If you find for the Plaintiff, but you find that he has failed to prove actual

damages, you must return an award of nominal damages not to exceed one dollar.

Ninth Circuit Model Jury Instruction 11.4

[mitigation]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 31.

It is incumbent upon the injured person to submit to reasonable treatment and to follow the advice of a competent physician. No damages will be allowed which might have been prevented by submitting to treatment to which a reasonably prudent person would have submitted to improve his or her condition. If the injury is aggravated by the Plaintiff's neglect to follow the directions of her physician, he is to that extent barred from recovering.

Franco v. Fujimoto, 47 Haw. 408, 463 P.2d 740 (1964) (overruled in part, on other grounds, Baretto v. Akau, 51 Haw. 383, 463 P.2d 917 (1969))

Tabieros v. Clark Equipment Co., 85 Hawai'i 336, 944 P.2d 1279 (1997)

[punitive damages]

## DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D. DONOHUE'S PROPOSED JURY INSTRUCTION NO. 32.

If you award plaintiff any damages, then you may consider whether you should also award punitive damages.  The purposes of punitive damages are <u>not to compensate plaintiff</u>, but[1] to punish the wrongdoer and to serve as an example or warning to the wrongdoer and other not to engage in such conduct.

You may award punitive damages against a particular defendant only if plaintiff proves by clear and convincing evidence that the particular defendant acted intentionally, willfully, wantonly, oppressively or with gross negligence.  Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against the defendant and (2) the amount of money required to punish the defendant considering his financial condition.  In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time he committed the conduct which formed the basis for your prior award of damages against that defendant.  <u>In determining the allowance and amount of punitive damages, you should consider in mitigation of damages, any facts of plaintiff's words or conduct which, while not justifying</u>

defendant's actions, could provoke defendant.[2]  Any punitive damages must be

reasonable.

---

[1] Masaki v. General Motors Corp., 71 Haw.1, 6, 780 P.2d
566, 570, reconsideration denied, 71 Haw. 664, 833 P.2d
899 (1989).

[2] Restatement (Second) Tort § 921

[punitive damages]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 33.

Punitive damages should only be awarded if the defendant's culpability,

after having paid compensatory damages, is so reprehensible as to warrant the

imposition of further sanctions to achieve punishment or deterrence.

State Farm Mutual Automobile Ins.
Co. v. Campbell, _____ S.Ct. _____.
2003

WL 1791206, April 7, 2003)

[punitive damages]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 34.

    Any award of punitive damages must be reasonable.

State Farm Mutual Automobile Ins.
Co. v. Campbell, _____ S.Ct. _____.
2003

WL 1791206, April 7, 2003)

[punitive damages]

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LEE D.
DONOHUE'S PROPOSED JURY INSTRUCTION NO. 35.

Any award of punitive damages must be proportionate to the amount of

harm to the plaintiff and to the general damages awarded, if any.

State Farm Mutual Automobile Ins.
Co. v. Campbell, _____ S.Ct. _____.
2003

WL 1791206, April 7, 2003)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

MANSOUR AREKAT, Individually ) CIVIL NO. CV03-00710 BMK
and in his capacity as chief operating )
officer and owner of Arekat Pacific ) CERTIFICATE OF SERVICE
Security, Inc., a Hawaii corporation dba )
A.P.I. Security, Inc., )
)
      Plaintiff, )
)
   vs. )
)
LEE D. DONOHUE, LETHA DE )
CAIRES, MIKE MIRANDA, )
RAYMOND ANCHETA, CITY AND )
COUNTY OF HONOLULU, and )
JOHN DOES 1-23, )
)
      Defendants. )
_____ )

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the within was duly served by hand-delivery

to the following individuals at their last known addresses on December 27, 2005:

         ERIC A. SEITZ, ESQ.
         LAWRENCE I. KAWASAKI, ESQ.
         820 Mililani Street, Suite 714
         Honolulu, Hawai‘i 96813
         Attorney for Plaintiff

LYLE S. HOSODA, ESQ.
Lyle S. Hosoda & Associates, LLC
345 Queen Street, Suite 804
Honolulu, Hawai'i 96813
Attorney for Defendant
MIKE MIRANDA

JAMES P. DANDAR, ESQ.
JAY T. SUEMORI, ESQ.
JOHN KOA HOLIONA, ESQ.
RENEE M. FURUTA, ESQ.
Dandar Suemori
841 Bishop Street, Suite 801
Honolulu, Hawai'i 96813
Attorney for Defendant
LETHA DE CAIRES

CARY T. TANAKA, ESQ.
Suite 510, Fort Street
745 Fort Street
Honolulu, Hawai'i 96813
Attorney for Defendant
RAYMOND ANCHETA

DATED:  Honolulu, Hawai'i, December 27, 2005.

CARRIE K.S. OKINAGA
Corporation Counsel

By: _____
     D SCOTT DODD
     Deputy Corporation Counsel

Attorney for Defendants
CITY AND COUNTY OF HONOLULU
and LEE D. DONOHUE