# ORIGINAL

LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA          3964-0
RAINA P.B. MEAD         7329-0
CHRISTOPHER T. CHUN     7951-0
CHENISE S. KANEMOTO     8155-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendant
MIKE MIRANDA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 7 2005

at 5 o'clock and 28 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-23,<br><br>Defendants. | CIVIL NO. CV03-00710BMK<br><br>DEFENDANT MIKE MIRANDA'S PROPOSED SPECIAL VERDICT FORM; CERTIFICATE OF SERVICE<br><br>TRIAL:   January 4, 2006 |

### DEFENDANT MIKE MIRANDA'S PROPOSED SPECIAL VERDICT FORM

Defendant MIKE MIRANDA, by and through his attorneys, Lyle S. Hosoda & Associates, LLC, hereby submits his Proposed Special Verdict form hereto attached.

DATED: Honolulu, Hawaii, December 27, 2005.

_____
LYLE S. HOSODA
CHRISTOPHER T. CHUN

Attorneys for Defendant
MIKE MIRANDA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-23,<br><br>Defendants. | CIVIL NO. CV03-00710BMK<br><br>DEFENDANT MIKE MIRANDA'S PROPOSED SPECIAL VERDICT FORM |

## DEFENDANT MIKE MIRANDA'S PROPOSED SPECIAL VERDICT FORM

A.  ADVISORY QUESTIONS FOR THE JURY

   1. Given the information which was presented to Defendants Letha De Caires ("De Caires"), Mike Miranda ("Miranda"), and/or Raymond Ancheta ("Ancheta"), did the Defendants properly request and execute a MH-1 on Plaintiff Mansour Arekat ("Plaintiff")?

      Letha De Caires     [ ] Yes     [ ] No

      Mike Miranda        [ ] Yes     [ ] No

      Raymond Ancheta     [ ] Yes     [ ] No

   (Go to question 2.)

   2. Prior to the incident, did Plaintiff surrender possession of the premises located at 2525 Date Street, Apartment #2202 to Marla Pangelinan ("Pangelinan")

      [ ] Yes     [ ] No

   (Go to question 2A)

    A.    Did Pangelinan consent to the entry of Honolulu Police Department Special Services Division into the premises located at 2525 Date Street, Apartment #2202 on December 15, 2003?

        [  ] Yes         [  ] No

(Go to question 3)

3.    Did Defendant Miranda unlawfully enter and/or search the premises located at 2525 Date Street, Apartment #2202 on December 15, 2003?

        [  ] Yes         [  ] No

(Go to question 4)

4.    Did Plaintiff agree to surrender his firearms to the Honolulu Police Department Special Services Division on December 15, 2003?

        [  ] Yes         [  ] No

(Go to question 5)

5.    Were the actions of Defendants De Caires, Miranda, and/or Ancheta, reasonable in light of the facts and circumstances which were available to them on December 15, 2003?

    Letha De Caires     [  ] Yes     [  ] No

    Michael Miranda     [  ] Yes     [  ] No

    Raymond Ancheta     [  ] Yes     [  ] No

(Go to question 6)

6.    On December 15, 2003, did the City and County of Honolulu have an official policy which deprived Plaintiff's constitutional rights?

        [  ] Yes         [  ] No

(Go to Question No. 7.)

7.  Did the City and County of Honolulu fail to provide adequate training to Defendants De Caires, Miranda and/or Ancheta to properly handle the usual and recurring situations which they had to deal with?

    [ ] Yes          [ ] No

(If you answered no to question 7, go to question 9.  If you answered yes to question 7, go to question 8.)

8.  Was the City and County of Honolulu deliberately indifferent to the need to train Defendants De Caires, Miranda, and/or Ancheta adequately?

    [ ] Yes          [ ] No

(If you answered no to question 8, go to question 10.  If you answered yes to question 8, go to question 9.)

9.  Was Plaintiff deprived of his constitutional rights as a result of the City and County of Honolulu's failure to provide proper training to De Caires, Miranda, and/or Ancheta?

(Go to Question No. 10)

B.  **SPECIAL VERDICT QUESTIONS:**

   **[Unlawful Detention]**

10. Has Plaintiff established by a preponderance of the evidence that he was unlawfully detained by Defendants De Caires, Miranda, and/or Ancheta in violation of his constitutional rights?

    | | | |
    |---|---|---|
    | Letha De Caires | Yes ____ | No ____ |
    | Michael Miranda | Yes ____ | No ____ |
    | Raymond Ancheta | Yes ____ | No ____ |

(If you answered yes to any of the Defendants, go to

question 11 and provide an answer with respect to that Defendant only. If you answered no, go to question 14.)

11. Has Plaintiff established by a preponderance of the evidence that he suffered damages or injuries which were proximately caused by the alleged unlawful detention by Officers De Caires, Miranda, and/or Ancheta?

    Letha De Caires      Yes _____      No _____

    Michael Miranda      Yes _____      No _____

    Raymond Ancheta      Yes _____      No _____

(If you answered yes to any of the Defendants, go to question 12 and provide an answer. If you answered no to question 11, go to question 14.)

12. For this claim, what do you find to be the total amount of damages caused by Defendants?

    General Damages:     $_____

13. If you find that Plaintiff sustained no actual damages, but that his constitutional rights were violated you may award nominal damages not to exceed one dollar.

    Nominal Damages:     $_____

**[Unlawful Search & Seizure]**

14. Has Plaintiff established by a preponderance of the evidence that Defendants De Caires, Miranda, and/or Ancheta intentionally committed acts that violated Plaintiff's constitutional right not to be subjected to unlawful searches and/or seizures?

    Letha De Caires      Yes _____      No _____

    Michael Miranda      Yes _____      No _____

    Raymond Ancheta      Yes _____      No _____

(If you answered yes to question 15, go to question 15. If you answered no to question 15, go to question 18.)

15. Has Plaintiff established by a preponderance of the evidence that he suffered damages or injuries which were proximately caused by the alleged unlawful searches and/or seizures by Defendants?

    Letha De Caires    Yes _____    No _____

    Michael Miranda    Yes _____    No _____

    Raymond Ancheta    Yes _____    No _____

(If you answered yes to question 15, go to question 16. If you answered no to question 15, go to question 18.)

16. For this claim, what do you find to be the total amount of damages caused by Defendants?

    General Damages:    $_____

17. If you find that Plaintiff sustained no actual damages, but that his constitutional rights were violated you may award nominal damages not to exceed one dollar.

    Nominal Damages:    $_____

18. Did Plaintiff show by clear and convincing evidence that the conduct of Defendants De Caires, Miranda, Ancheta, and/or the City and County of Honolulu was negligent?

    Letha De Caires    Yes _____    No _____

    Michael Miranda    Yes _____    No _____

    Raymond Ancheta    Yes _____    No _____

    City               Yes _____    No _____

(If you answered yes to question 18, go to question 19. If you answered no, date and sign this Special Verdict Form at the bottom and return the same to the Bailiff.)

19. Has Plaintiff established, by clear and convincing evidence that the conduct of Defendants De Caires, Miranda, Ancheta and/or the City and County of Honolulu was a legal cause of damages to Plaintiff?

   Letha De Caires      Yes _____      No _____

   Michael Miranda      Yes _____      No _____

   Raymond Ancheta      Yes _____      No _____

   City                 Yes _____      No _____

(If you answered yes to question 19, go to question 20. If you answered no, date and sign this Special Verdict Form at the bottom and return the same to the Bailiff.)

20. For this claim, what do you find to be the total amount of damages caused by Defendants?

   General Damages:        $_____

21. Did the conduct of Plaintiff give rise to negligence on his part?

   [ ] Yes         [ ] No

(If you answered yes to question 21, go to question 22. If you answered no to question 20, go to question 24.)

22. Was the conduct of Plaintiff a legal cause of his damages?

   [ ] Yes         [ ] No

(If you answered yes to question 22, go to question 23. If you answered no to question 22, go to question 24.)

23. What is the respective percentage of negligence for each of the following parties, who you have found to be a legal cause of the damages suffered by Plaintiff.

   Letha De Caires        _____

- 6 -

```
     Michael Miranda        _____

     Raymond Ancheta        _____

     City                   _____

     Mansour Arekat         _____

           TOTAL =    100%
```

**[Punitive Damages - Defendant De Caires]**

24. If you awarded general or nominal damages to Plaintiff against Defendant De Caires, you may, but are not required to award Punitive Damages against Defendant De Caires if you find by clear and convincing evidence that she wilfully and maliciously harmed Plaintiff. If you did not award general or nominal damages against Defendant De Caires, you must put the number "0" in the blank below.

    Punitive Damages:    $_____

(Go to question 25.)


**[Punitive Damages - Defendant Miranda]**

25. If you awarded general or nominal damages to Plaintiff against Defendant Miranda, you may, but are not required to award Punitive Damages against Defendant Miranda if you find by clear and convincing evidence that he wilfully and maliciously harmed Plaintiff. If you did not award general or nominal damages against Defendant Miranda, you must put the number "0" in the blank below.

    Punitive Damages:    $_____

(Go to question 26.)


**[Punitive Damages - Defendant Ancheta]**

27. If you awarded general or nominal damages to Plaintiff against Defendant Ancheta, you may, but are not required to award Punitive Damages against Defendant

- 7 -

Ancheta if you find by clear and convincing evidence that he wilfully and maliciously harmed Plaintiff. If you did not award general or nominal damages against Defendant Ancheta, you must put the number "0" in the blank below.

Punitive Damages:   $_____

(Date and sign the form where indicated below and return the same to the Bailiff.)

DATED:  Honolulu, Hawaii, _____.


                                    _____
                                    FOREPERSON

- 8 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>        Plaintiff,<br><br>    v.<br><br>LEE D. DONOHUE, et al.,<br><br>        Defendants. | CIVIL NO. CV03-00710BMK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy the foregoing document was served on the date noted below, upon the following parties at their last known address as follows:

    ERIC A. SEITZ, Esq.
    LAWRENCE I. KAWASAKI, ESQ.
    820 Mililani Street, Suite 714
    Honolulu, Hawaii 96813

    Attorneys for Plaintiff


    D SCOTT DODD, Esq.
    530 S. King Street, Room 110
    Honolulu, Hawaii 96813

    Attorney for Defendant
    CITY AND COUNTY OF HONOLULU and
    LEE D. DONOHUE


    JAMES P. DANDAR, Esq.
    JAY T. SUEMORI, Esq.
    841 Bishop Street, Suite 801
    Honolulu, Hawaii 96813

Attorneys for Defendant
LETHA DE CAIRES


CARY T. TANAKA, Esq.
745 Fort Street, Suite 510
Honolulu, Hawaii 96813

Attorney for Defendant
RAYMOND ANCHETA


DATED:   Honolulu, Hawaii, December 27, 2005.

_____
LYLE S.  HOSODA
CHRISTOPHER T. CHUN

Attorneys for Defendant
MIKE MIRANDA