IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc., ) ) ) ) ) ) | CV. NO. 03-00710 BMK |
| Plaintiff, ) ) | |
| vs. ) ) | |
| LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-25, ) ) ) ) ) ) | |
| Defendants. ) ) _____ ) | |

JURY INSTRUCTIONS

The jury instructions in the numerical order as read to the jury are

attached hereto.

DATED:  Honolulu, Hawaii, January 10, 2006.

_____
Barry M. Kurren
United States Magistrate Judge

INSTRUCTION NO. 1

Members of the Jury:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.

You are the judges of the facts.  It is your duty to review the evidence and to decide the true facts.  When you have decided the true facts, you must then apply the law to the facts.

I will tell you the law that applies to this case.  You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction.  You must follow all the instructions I give you.  You must not single out some instructions and ignore others.  All the instructions are equally important and you must apply them as a whole to the facts.

INSTRUCTION NO. 2

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 3

Similarly, each defendant in this case has separate and distinct rights. You must decide the case of each defendant separately, as if it were a separate lawsuit. Unless I tell you otherwise, these instructions apply to all of the defendants.

INSTRUCTION NO. 4

If any of these instructions, or anything I have said or done in this case makes you believe I have an opinion about the facts or issues in the case, the weight to be given to the evidence, or the credibility of any witness, then you must disregard such belief.  It is not my intention to create such an impression.  You, and you alone, must decide the facts of this case from the evidence presented in court and you must not be concerned about my opinion of the facts.

INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence. The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

1.     Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

2.     Attorneys' questions and objections are not evidence.

3.     Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

4.     Anything seen or heard when the court was not in session is not evidence. You must decide this case solely on the evidence received at the trial.

INSTRUCTION NO. 6

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.

INSTRUCTION NO. 7

You must not use any source outside the courtroom to assist you in deciding any question of fact.  This means that you must not make an independent investigation of the facts or the law.  For example, you must not visit the scene on your own, conduct experiments, or consult dictionaries, encyclopedias, textbooks, or other reference materials for additional information.

INSTRUCTION NO. 8

Plaintiff has the burden of proving by a preponderance of the evidence every element of each claim that plaintiff asserts. Defendants have the burden of proving by a preponderance of the evidence every element of each affirmative defense that defendants assert. In these instructions, whenever I say that a party must prove a claim or affirmative defense, that party must prove such claim or affirmative defense by a preponderance of the evidence, unless I instruct you otherwise.

INSTRUCTION NO. 9

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so. It means to prove by evidence which, in your opinion, convinces you that something is more probably true than not true. It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim, defense, or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiffs and the defendant. Upon consideration of all the evidence, if you find that a particular claim, defense or fact is more likely true than not true, then such claim, defense, or fact has been proven by a preponderance of the evidence.

If a preponderance of the evidence does not support each essential element of a claim or affirmative defense, then the jury should find against the party having the burden of proof as to that claim or affirmative defense.

INSTRUCTION NO. 10

Where the attorneys for the parties have stipulated to a fact, you must consider the fact as having been conclusively proved.

INSTRUCTION NO. 11

The testimony of a witness has been read into evidence from a deposition. A deposition is the testimony of a witness given under oath before the trial and preserved in written form.

You must consider and judge the deposition testimony of a witness in the same manner as if the witness actually appeared and testified in court in this trial.

INSTRUCTION NO. 12

There are two kinds of evidence from which you may decide the facts of a case: direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case. You are allowed to give equal weight to both kinds of evidence. The weight to be given any kind of evidence is for you to decide.

INSTRUCTION NO. 13

During the trial, I have ruled on objections made by the attorneys. Objections are based on rules of law designed to protect the jury from unreliable or irrelevant evidence. It is an attorney's duty to object when he or she believes that the rules of law are not being followed. These objections relate to questions of law for me to decide and with which you need not be concerned.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness. A question is not evidence and may be considered only as it supplied meaning to the answer.

INSTRUCTION NO. 14

I have said that you must consider all of the evidence. This does not mean , however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(1)    the witness' appearance and demeanor on the witness stand;

(2)    the manner in which a witness testified and the degree of intelligence shown;

(3)    the witness' degree of candor or frankness;

(4)    the witness' interest, if any, in the result of this case;

(5)    the witness' relationship to either party in the case;

(6)    any temper, feeling or bias shown by the witness;

(7)    the witness' character as shown by the evidence;

(8)    the witness' means and opportunity to acquire information;

(9)     the probability or improbability of the witness' testimony;

(10)    the extent to which the witness' testimony is supported or contradicted by other evidence;

(11)    the extent to which the witness made contradictory statements; and

(12)    all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony. This is because two or more persons witnessing an event may see or hear the event differently. An innocently mistaken recollection or failure to remember is not an uncommon experience. In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details.

You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement.

You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.

You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 15

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

INSTRUCTION NO. 16

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

1.     The witness intentionally testified falsely in this trial about any important fact; or

2.     The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance.  That is for you to decide.

INSTRUCTION NO. 17

In this case, you heard testimony from witnesses described as experts. Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general. Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness. You may accept or reject the testimony in whole or in part. You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.

INSTRUCTION NO. 18

For the plaintiff's illegal search and seizure claims the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the acts or omissions of any defendant were intentional;

2.    the defendant acted under color of law; and

3.    the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

INSTRUCTION NO. 19

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendants acted under color of law.

INSTRUCTION NO. 20

Plaintiff claims that the defendants intentionally deprived him of the Fourth Amendment constitutional right to be free from an unreasonable search.

Plaintiff has the burden of proving by a preponderance of the evidence that the search was unreasonable.

INSTRUCTION NO. 21

A search is reasonable, and a search warrant is not required, if a search is conducted incident to a lawful arrest.

An arresting officer may search only the person arrested and the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence.

INSTRUCTION NO. 22

A search is reasonable, and a search warrant is not required, if a person in lawful possession of the area knowingly and voluntarily consents to the search.

INSTRUCTION NO. 23

Permission to search a residence may be given by a third party possessing common authority over or other sufficient relationship to the premises sought to be inspected.

INSTRUCTION NO. 24

In this case, Plaintiff claims that Defendants unlawfully arrested him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    Defendants arrested Plaintiff;

2.    Defendants did not have probable cause to arrest Plaintiff;

3.    Defendants were acting under color of law.

If you find that Plaintiff has proven each of these things by a preponderance of the evidence, then you should find for Plaintiff and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

For purposes of this instruction, the parties stipulate that Plaintiff was arrested and that Defendants were acting under the color of state law.

INSTRUCTION NO. 25

You have heard evidence on the procedure by which an emergency

mental health examination may be conducted pursuant to Section 334-59(a)(1) of

the Hawaii Revised Statutes when a police officer has reason to believe that a

person is imminently dangerous to self or others, or is gravely disabled, or is

obviously ill.  This Statute reads as follows:

§ 334-59 Emergency examination and hospitalization.
(a) Initiation of proceedings. An emergency admission may be initiated as follows:
(1) If a police officer has reason to believe that a person is imminently dangerous
to self or others, or is gravely disabled, or is obviously ill, the officer shall call for
assistance from the mental health emergency workers designated by the director.
Upon determination by the mental health emergency workers that the person is
imminently dangerous to self or others, or is gravely disabled, or is obviously ill,
the person shall be transported by ambulance or other suitable means, to a licensed
psychiatric facility for further evaluation and possible emergency hospitalization.
A police officer may also take into custody and transport to any facility designated
by the director any person threatening or attempting suicide.  The officer shall
make application for the examination, observation, and diagnosis of the person in
custody.  The application shall state or shall be accompanied by a statement of the
circumstances under which the person was taken into custody and the reasons
therefor which shall be transmitted with the person to a physician or psychologist
at the facility.

If you find that Defendants did not comply with § 334-59(a)(1), then

you shall find that Defendants did not have probable cause to arrest Plaintiff.

If you find that Defendants did comply with § 334-59(a)(1), then you shall find that Defendants had probable cause to arrest Plaintiff.

INSTRUCTION NO. 26

In order to find a supervisor liable under 42 U.S.C. § 1983, Plaintiff must establish that the supervisor caused the constitutional injury, either be setting in motion a series of acts by others, which the supervisor knows or reasonably should know what would cause others to inflict the constitutional injury, or, by personal participation.

INSTRUCTION NO. 27

Plaintiff may recover damages for intentional infliction of emotional distress only if he proves:

(1)  that the act allegedly causing the harm was intentional;

(2)  that the act was unreasonable; and,

(3)  that the actor should have recognized that the act was likely to result in illness.

An act is unreasonable if it is without just cause or excuse and beyond all bounds of decency.  In other words, the act complained of must be "outrageous"

INSTRUCTION NO. 28

An act or omission is a proximate cause of an injury or damage if it was a substantial factor in bringing about the injury or damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a proximate cause of the injury or damage.

INSTRUCTION NO. 29

Instructions on damages are only a guide for an award of damages if you find defendants responsible to plaintiff.  The fact that the Court is instructing you on damages does not mean that defendants are responsible to plaintiff.  That is for you to decide.

INSTRUCTION NO. 30

Special damages are those damages which can be calculated precisely or can be determined by you with reasonable certainty from the evidence.

INSTRUCTION NO. 31

General damages are those damages which fairly and adequately compensate plaintiff for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the injuries or damages sustained.

INSTRUCTION NO. 32

Emotional distress includes mental worry, anxiety, anguish, suffering, and grief, where they are shown to exist.

INSTRUCTION NO. 33

If you find for plaintiff on the issue of liability, plaintiff is entitled to damages in such amount as in your judgment will fairly and adequately compensate him for the injuries which he suffered.  In deciding the amount of such damages, you should consider:

1.    The extent and nature of the injuries he received, and also the extent to which, if at all, the injuries he received are permanent;

2.    The reasonable value of the medical services provided by physicians, hospitals and other health care providers, including examinations, attention and care, drugs, supplies, and ambulance services, reasonably required and actually given in the treatment of plaintiff and the reasonable value of all such medical services reasonably probable to be required in the treatment of plaintiff in the future; and

3.    The pain, emotional suffering, and disability which he has suffered and is reasonably probable to suffer in the future because of the injuries, if any.

If you find for the Plaintiff, but you find that he has failed to prove actual damages as described above, you may return an award of nominal damages not to exceed one dollar.

INSTRUCTION NO. 34

Plaintiff is not required to present evidence of the monetary value of his pain or emotional distress.  It is only necessary that plaintiff prove the nature, extent and effect of his injury, pain, and emotional distress.  It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

INSTRUCTION NO. 35

Compensation must be reasonable. You may award only such damages as will fairly and reasonably compensate plaintiff for the injuries or damages proximately caused by defendants.

You are not permitted to award a party speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

INSTRUCTION NO. 36

If you award plaintiff any damages, then you may consider whether you should also award punitive damages.  The purposes of punitive damages are to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct.

You may award punitive damages against a particular defendant only if plaintiff has proved by clear and convincing evidence that the particular defendant acted intentionally, willfully, wantonly, oppressively or with gross negligence.  Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is (1)  the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that defendant and (2) the amount of money required to punish that defendant considering their financial condition.  In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time they committed the conduct which formed the basis for your prior award of damages against that defendant. Any punitive damages you award must be reasonable.

INSTRUCTION NO. 37

An act is "willful" when it is premeditated, unlawful, without legal justification, or done with an evil intent, with a bad motive or purpose, or with indifference to its natural consequences.

INSTRUCTION NO. 38

An act is "wanton" when it is reckless, heedless, or characterized by extreme foolhardiness, or callous disregard of, or callous indifference to, the rights or safety of others.

INSTRUCTION NO. 39

An act is "oppressive" when it is done with unnecessary harshness or severity.

INSTRUCTION NO. 40

An act is "malicious" when it is prompted or accompanied by ill will or spite.

INSTRUCTION NO. 41

The plaintiff has the burden of proving his punitive damages claims by clear and convincing evidence.  To prove by clear and convincing evidence means to prove by evidence which, in your opinion, produces a firm belief about the truth of the allegations which the parties have presented.  It means to prove that the existence of a fact is highly probable.

Clear and convincing evidence is a higher requirement of proof than the "preponderance of the evidence" requirement, but it is a lower requirement of proof than the "beyond a reasonable doubt" requirement in criminal cases.

INSTRUCTION NO. 42

Any plaintiff claiming damages resulting from the wrongful act of a defendant has a duty under the law to use reasonable diligence under the circumstances to mitigate or minimize those damages.

If you find plaintiff suffered damages, plaintiff may not recover for any damages which he could have avoided through reasonable effort. If you find that plaintiff unreasonably failed to mitigate or lessen his damages, you should not award those damages which he could have avoided.

You are the sole judge of whether plaintiff acted reasonably in mitigating his damages. Plaintiff may not sit idly by when presented with a reasonable opportunity to reduce his damages. However, plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating his damages. Defendants have the burden of proving the damages which plaintiff could have mitigated.

You must consider all of the evidence in light of the particular circumstances of the case in deciding whether defendants have satisfied their burden of proving that plaintiff's conduct was not reasonable.

INSTRUCTION NO. 43

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

When you retire to the jury room to begin your deliberations, your first duty will be selection of a foreperson to preside over the deliberations and to speak on your behalf in court.

The foreperson's duties are:

1.   To keep order during the deliberations and to make sure that every juror who wants to speak is heard;

2.   To represent the jury in communications you wish to make to me; and

3.   To sign, date and present the jury's verdict to me.

In deciding the verdict, all jurors are equal and the foreperson does not have any more power than any other juror.

After you select a foreperson, you will proceed to discuss the case with your fellow jurors and reach agreement on a verdict, if you can.  You may take as much time as you feel is necessary for your deliberations.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Each of you must decide the case for yourself, but only after you have considered the views of your fellow jurors.  Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is a right decision, or simply to get the case over with.

INSTRUCTION NO. 44

During this trial, items were received in evidence as exhibits.  These exhibits will be sent into the jury room with you when you begin to deliberate.

INSTRUCTION NO. 45

Remember at all times that you are not partisans.  You are judges  - judges of the judges of the facts in this case.  Your only interest is to seek the truth from the evidence presented.

From the time you retire to the jury room to begin your deliberations until you complete your deliberations, it is necessary that you remain together as a body.  You should not discuss the case with anyone other than your fellow jurors.  If it becomes necessary for you to communicate with me during your deliberations, you may send a note by the bailiff.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.

Your verdict will consist of answers to the questions on the verdict form.  You will answer the questions according to the instructions I have given you and according to the directions contained in the verdict form.

Your verdict must be unanimous.  It is necessary that each of you agree on all answers required by the verdict form.  Each of you must be able to state, when you return to the courtroom after a verdict is reached, that his or her vote is expressed in the answers on the verdict form.

As soon as all of you agree upon each answer required by the directions in the verdict form, the form should be dated and signed by your foreperson.  The foreperson will then notify the bailiff by a written communication that the jury has reached a verdict.  Thereafter, the  bailiff will arrange to have you return with the verdict form to the courtroom.

Bear in mind that you are not to reveal to the court or anyone else how the jury stands on the verdict until all of you have agreed on it.