ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, individually and in his capacity as chief operating officer and owners of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-25, <br><br> Defendants. | CIVIL NO. 03-00710 BMK <br><br> SPECIAL VERDICT FORM <br><br> FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII <br><br> JAN 1 1 2006 <br><br> at _3_ o'clock and _30_ min. _P_ M <br> SUE BEITIA, CLERK |

SPECIAL VERDICT FORM

You must answer all of the questions, unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form before proceeding to answer. Answer the questions in numerical order. Follow all directions carefully. Each answer requires

the agreement of all jurors. If you do not understand any question, or if you wish to communicate with the court on any subject, you must do so in writing through the Bailiff.

A.  ADVISORY QUESTIONS FOR THE JURY

   1. Do you find from a preponderance of the evidence Defendants had sufficient information to form a reasonable belief that Mansour Arekat was imminently dangerous to himself or others, or was gravely ill, or obviously disabled when they arrested Mansour Arekat at the Aloha Surf Hotel on December 15, 2003 for an emergency mental health examination?

   Yes  X           No _____

(Go to question 2.)

   2. Did any API employee consent to the entry of the Honolulu Police Department Special Services Division into the API Security, Inc.'s office, which was located at 1350 S. King Street, on December 15, 2003?

   Yes  X           No _____

(Go to Question No. 3.)

3. Did Mike Miranda and/or Raymond Ancheta unlawfully enter and/or search the API Security, Inc.'s office, which was located at 1350 S. King Street, on December 15, 2003?

    Mike Miranda        Yes \_\_\_\_        No  X

    Raymond Ancheta    Yes \_\_\_\_        No  X

(Go to Question No. 4.)

4. Prior to the incident, did Mansour Arekat surrender possession of the premises located at 2525 Date Street, Apartment #2202 to Marla Pangelinan ("Pangelinan")?

    Yes \_\_\_\_        No  X

(Go to Question No. 5.)

5. Did Marla Pangelinan consent to the entry of the Honolulu Police Department Special Services Division into the premises located at 2525 Date Street, Apartment #2202 on December 15, 2003?

- 3 -

Yes  X          No ____

(Go to Question No. 6.)

6. Did Mike Miranda unlawfully enter and/or search the premises located at 2525 Date Street, Apartment #2202, on December 15, 2003?

Yes ____       No  X

(Go to Question No. 7.)

7. Did Mansour Arekat consent to being transported from the Aloha Surf Hotel to the API Security, Inc.'s office, which was located at 1350 S. King Street, on December 15, 2003?

Yes  X         No ____

(Go to Question No. 8.)

8. Did Mike Miranda unlawfully seize Mansour Arekat on December 15, 2003?

Yes ____       No  X

(Go to Question No. 9.)

9. Did Mansour Arekat consent to the search of his interior office at the API Security, Inc.'s office, which was located at 1350 S. King Street, on December 15, 2003?

Yes  X        No _____

(Go to Question No. 10.)

10. Did Mansour Arekat voluntarily agree to surrender his firearms to the Honolulu Police Department Special Services Division on December 15, 2003?

Yes  X        No _____

(Go to Question No. 11.)

11. Did any Defendant unlawfully search Mansour Arekat's interior office at the API Security, Inc.'s office, which was located at 1350 S. King Street, on December 15, 2003?

Yes _____     No  X

(Go to Question No. 12.)

B. <u>SPECIAL VERDICT QUESTIONS</u>:

12. Has Plaintiff Mansour Arekat ("Plaintiff") established by a preponderance of the evidence that he was subject to an unlawful arrest, search or seizure by Defendants Letha De Caires, Mike Miranda and/or Raymond Ancheta in violation of his constitutional rights?

| | | |
|---|---|---|
| Letha DeCaires | Yes ____ | No __X__ |
| Michael Miranda | Yes ____ | No __X__ |
| Raymond Ancheta | Yes ____ | No __X__ |

If you answered "Yes" to any of the Defendants, go to Question No. 13 and provide an answer with respect to that Defendant only. If you answered "No" to all three Defendants, date and sign this Special Verdict Form at the bottom and return the same to the Bailiff.

13. Has Plaintiff established by a preponderance of the evidence that he suffered damages or injuries which were proximately caused by the alleged unlawful arrest, search or seizure by Defendants Letha De Caires, Mike Miranda, and/or Raymond Ancheta?

| | | |
|---|---|---|
| Letha DeCaires | Yes ____ | No ____ |
| Michael Miranda | Yes ____ | No ____ |
| Raymond Ancheta | Yes ____ | No ____ |

If you answered "Yes" to any of the Defendants, go to Question No. 14 and provide an answer with respect to that Defendant only. If you answered "No" to all three Defendants, date and sign this Special Verdict Form at the bottom and return the same to the Bailiff.

14. For this claim, what do you find to be the total amount of damages caused by Defendants?

    Special Damages: $_____

    General Damages: $_____

(Go to Question No. 15.)

15. If you find that Plaintiff sustained no special or general damages, but that his constitutional rights were violated, you may award nominal damages not to exceed one dollar.

    Nominal Damages: $_____

(Go to Question No. 16.)

16. If you awarded special, general or nominal damages to Plaintiff against Defendant Letha De Caires, you may, but are not required to award Punitive Damages against Defendant Letha De Caires if you find by clear and convincing evidence that she wilfully and maliciously harmed Plaintiff. If you did not award special, general or nominal damages against Defendant Letha De Caires, you must put the number "0" in the blank below.

        Punitive Damages:    $_____

(Go to Question No. 17.)


17. If you awarded special, general or nominal damages to Plaintiff against Defendant Mike Miranda, you may, but are not required to award Punitive Damages against Defendant Mike Miranda if you find by clear and convincing evidence that he wilfully and maliciously harmed Plaintiff. If you did not award special, general or nominal damages against Defendant Mike Miranda, you must put the number "0" in the blank below.

    Punitive Damages:  $_____

(Go to Question No. 18.)

18. If you awarded special, general or nominal damages to Plaintiff against Defendant Raymond Ancheta, you may, but are not required to award Punitive Damages against Defendant Raymond Ancheta if you find by clear and convincing evidence that he wilfully and maliciously harmed Plaintiff. If you did not award special, general or nominal damages against Defendant Raymond Ancheta, you must put the number "0" in the blank below.

    Punitive Damages:  $_____

(Date and sign the form where indicated below and return the same to the Bailiff.)

DATED: Honolulu, Hawaii, _January 11, 2006_.

            _/s/_____
            FOREPERSON