ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ             1412
LAWRENCE I. KAWASAKI      5820
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:   (808) 533-7434
Facsimile:   (808) 545-3608

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, Individually And in his capacity as chief executive officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-23,<br><br>Defendants. | CIVIL NO. 03-00710 BMK<br><br>PLAINTIFF'S OBJECTIONS TO DEFENDANT CITY AND COUNTY OF HONOLULU'S NOTICE OF TAXATION OF COSTS<br><br>Trial: January 4, 2006 |

PLAINTIFF'S OBJECTIONS TO DEFENDANT CITY AND
COUNTY OF HONOLULU'S NOTICE OF TAXATION OF COSTS

Plaintiff MANSOUR AREKAT, by and through his undersigned attorneys, submits the following objections to Defendant City and County of Honolulu's Notice of Taxation of Costs filed February 6, 2006 (hereinafter "Defendant's Request") pursuant to L.R.54.2(d).

I.   Defendant's Request Does Not Comply With L.R. 54.2

Pursuant to L.R. 54.2, "a Bill of Costs [...] must be supported by a memorandum setting forth the grounds and authorities supporting the request [and] a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held."

Because Defendant's Request does not comply with the above requirements the entire request should be denied.

II.   Plaintiff's Action Was Not Frivolous, Unreasonable, or Without Foundation

The discretion of the trial court in considering an award of costs to a defendant under Rule 54(d), F.R.C.P. should be shaped by the special qualities of an action brought under 42 U.S.C. §1983.  Accordingly, unless the plaintiff has brought an action that is frivolous, unreasonable, or without foundation, costs should not be imposed on an unsuccessful §1983 plaintiff under Rule 54(d).  Dual v. Cleland, 79 F.R.D. 696 (D.C.D.C. 1978) (applying the reasoning in Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 US. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), and holding that the court's discretion in making an award of costs to a prevailing defendant in a Title VII action should be shaped by the policy of promoting vigorous enforcement of the provisions of Title VII); Evans v. American Import Merchants, 82 F.R.D. 710 (D.C.S.D.N.Y. 1979 ) (same); Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (applying the reasoning of Christianburg Garment Co. to civil rights actions under 42 U.S.C. §1983).

Because the instant action was not frivolous, unreasonable, or without foundation Defendant's entire request should be denied.

III.  Defendant's Request Fails To Show How Or Why Each Deposition Was Necessary For Use in the Case

L.R. 54.2 only authorizes the taxation of the cost of any deposition transcript which is "necessarily obtained for use in the case."

Pursuant to the above, Defendant's counsel merely declares "[T]o the best of my knowledge and belief, the items of costs listed in the attached Bill of Costs are true and accurate, have been necessarily incurred in this action, and services charged have been actually and necessarily performed as stated therein."

Because the broad and general declaration of Defendant's counsel is not sufficient to determine how or why each deposition was "necessarily obtained for use in the [instant] case deposition costs should be not be allowed. S.G.C. v. Penn-Charlotte Associates, 116 F.R.D. 284 (WD NC 1987) (holding that broad and general statement of counsel that each deposition was necessary in connection with defense of plaintiff's claim, is not sufficient basis for court to make determination as to which depositions were necessarily obtained, and where petitioner fails to make such showing, deposition costs are disallowed); Feher v. Department of Labor and Industrial Relations, 561 F.Supp. 757, 768 (D.C.HI 1983) (denying costs for depositions because prevailing party made no showing that they were used at trial or were otherwise necessary).

IV.  Taxation Of Travel Fees for Chris D'Alessio Are Not Authorized

The taxation under of costs for witnesses are limited to the fees prescribed in 28 U.S.C. §1821.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Because Defendant's request for the taxation of $348.65 for "Chris D'Alssio travel fee" is not sufficient to make a determination as to whether such fee is authorized by 28 U.S.C. §1821, this request should be denied.

V.  Defendant's Request Fails To Show How Or Why Transcripts Of Court Proceedings On September 13, 2004, And January 4, 5, 6, 9, 10, 11, 2006 Were Necessary For Use In This Case

28 U.S.C. §1920(2) only authorizes the taxation of cost of "[F]ees of the court reporter for all of any part of the stenographic transcript necessarily obtained for use in the case."

Because Defendant's Request is not sufficient to determine how or why these transcripts were "necessarily obtained for use in the [instant] case" these costs should be not be allowed. Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority, 925 F.2d 812 (1991, CA 5 La), cert. denied, 501 U.S. 1262, 111 S.Ct. 2917, 115 L.Ed.2d 1080 (1991) (holding that daily transcripts of trial proceedings are not customary, and will not be allowed where parties infrequently referred to daily transcripts during testimony, any of the lawyers sitting with trial counsel could have taken notes for purpose of refreshing their memories of past testimony).

VI.  Conclusion

For all of the foregoing reasons, Plaintiff submits that the Court should deny Defendant's request in its entirety at this time.  If the Court is not so inclined Plaintiff requests this matter be set for a hearing at some time after a ruling is issued on Plaintiff's motion for entry of judgment as a matter of law is decided.

DATED: Honolulu, Hawai'i, February 16, 2006.

/s/ Lawrence I. Kawasaki
ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Plaintiff