LYLE S. HOSODA & ASSOCIATES, LLC

LYLE S. HOSODA         3964-0
RAINA P.B. MEAD        7329-0
CHRISTOPHER T. CHUN    7951-0
CHENISE S. KANEMOTO    8155-0
345 Queen Street, Suite 804
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
E-mail: lsh@hosodalaw.com

Attorneys for Defendant
MIKE MIRANDA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc.,<br><br>          Plaintiff,<br><br>    v.<br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, RAYMOND ANCHETA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-23,<br><br>          Defendants. | CIVIL NO. CV03-00710BMK<br><br>DEFENDANT MIKE MIRANDA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW; AFFIDAVIT OF CHRISTOPHER T. CHUN; EXHIBITS "A" - "E"; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE<br><br>HEARING<br>Date:     March 17, 2006<br>Time:     2:00 p.m.<br>Judge:    Hon. Barry M. Kurren<br><br>TRIAL:   January 4, 2006 |

**DEFENDANT MIKE MIRANDA'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW**

I.   <u>Introduction</u>

On January 4, 2006, trial began in the above-entitled matter and concluded on January 10, 2006.  On January 11, 2005,

the jury reached a verdict finding no liability on behalf of any of the Defendants.

On January 20, 2006, Plaintiff Mansour Arekat ("Plaintiff") through his counsel filed Plaintiff's Motion For Entry of Judgment as a Matter of Law ("Motion"). In said Motion, Plaintiff claims that:

> he is entitled to judgment in his favor as to Defendants' liability under 42 U.S.C. §1983 for his arrest on December 15, 2003 because there is insufficient evidence as a matter of law to support the jury verdict that Defendants had sufficient information to establish probable cause to believe that Plaintiff was imminently dangerous to himself or others, or was gravely disabled, or was obviously ill when they arrested Plaintiff at the Aloha Surf Hotel on December 15, 2003 for an emergency mental health examination.

See Plaintiff's Motion.

Contrary to Plaintiff's argument, (1) there is sufficient evidence to support the jury verdict's finding of probable cause; (2) Plaintiff is barred from raising the argument that the jury should not have been charged with deciding whether or not probable cause existed; (3) assuming Plaintiff can raise the argument that the jury should not have been charged with deciding whether or not probable cause existed, it was proper for the jury to make this determination; (4) the jury was properly instructed regarding all issues; and (5) based upon the facts of this case and now the jury verdict, Officer Mike Miranda ("Officer Miranda") is hereafter entitled to qualified immunity.

**II.   Legal Standard**

In order for this Court to grant Plaintiff's Motion, Plaintiff must have raised these same arguments at the close of evidence, before this matter was submitted to the jury for decision.  See Federal Rules of Civil Procedure, Rule 50(a)(2); Janes v. Wal-Mart Stores, Inc., 279 F.3d 883, 886-87 (9th Cir. 2002).

Secondly, Plaintiff must show that there is no basis from which the jury could find that Defendants had probable cause to arrest Plaintiff.

> The trial court can overturn the jury and grant such a motion only if, under the governing law, there can be but one reasonable conclusion as to the verdict.  In other words, the motion should be granted only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue.

Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1283 (9th Cir. 2001).

Finally, the Court must view all inferences in favor of the Defendants and accept the credibility determinations consistent with the verdict.

> In ruling on a motion for JMOL, the court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the nonmoving party.  The court must accept the jury's credibility findings consistent with the verdict.  It must disregard all evidence favorable to the moving party that the jury is not required to believe.  The court may

>not substitute its view of the evidence for that of the jury.

Id. at 1283 (citations omitted).

Based upon this legal standard, Plaintiff's Motion should be denied because (1) this Court must not consider Plaintiff's arguments that are raised for the first time in Plaintiff's Motion; and (2) this Court must follow the jury's verdict on all remaining issues.

**III. Discussion**

    **A.   It was proper for the jury to make this determination.**

Plaintiff must make a motion for Judgment as a Matter of Law prior to the case being submitted to the jury. See Federal Rules of Civil Procedure, Rule 50(a)(2).

>Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

Any motion for judgment as a matter of law not made before submission of the case to the jury is waived. Janes, 279 F.3d at 886-87. The Court must examine the pre-verdict motion and examine what was pled at the close of evidence. A party is not allowed to raise additional arguments in any post-verdict judgment as a matter of law motion that was not made at this pre-verdict motion. See Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

> A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict 50(a) motion. Judgment notwithstanding the verdict is improper if based upon grounds not alleged in a directed verdict motion. The purpose of this rule is twofold. First it preserves the sufficiency of the evidence as a question of law, allowing the district court to review its initial denial of judgment as a matter of law instead of forcing it to engage in an impermissible reexamination of facts found by the jury. Second, it calls to the court's and the parties' attention any alleged deficiencies in the evidence at a time when the opposing party still has an opportunity to correct them.

Id. (Citing Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990); Lifshitz v. Walter Drake & Sons, 806 F.2d 1426, 1428-29 (9th Cir. 1986)).

Although Plaintiff timely moved for directed verdict at the close of Defendants' case, Plaintiff has raised additional arguments in this post-trial Motion that were not made pre-verdict. This Court must only consider those arguments made pre-verdict. Any new arguments or issues must be precluded. The crux of Plaintiff's instant Motion is based on the idea that the probable cause determination should not have gone to the jury. Plaintiff did not raise this argument pre-verdict.[1] Accordingly, this Court must not consider this argument. See Freund, 347 F.3d 752.

---

[1] Plaintiff also failed to raise this argument at the reading of jury instructions discussed infra.

Assuming for the sake of argument, the Court allows Plaintiff to make this additional argument, under applicable law, this matter was properly submitted to the jury and its verdict should be upheld.

> Regardless of who makes the ultimate determination as to qualified immunity, the jury, not the judge, must decide the disputed "foundational" or "historical" facts that underlie the determination.

<u>Acosta v. City and County of San Francisco</u>, 83 F.3d 1143, 1147 (9th Cir. 1996).

> To determine whether an officer is entitled to the defense of qualified immunity when the existence of probable cause to arrest is in issue, the question asked is whether a hypothetical officer reasonably could have believed that probable cause to arrest existed based upon the **facts and circumstances** known to the defendant at the time of the incident.

<u>Corcoran v. Fletcher</u>, 160 F.Supp.2d 1085, 1089 (C.D. Cal. 2001) (emphasis added).

Plaintiff's Motion questions the underlying facts of the probable cause determination. Based upon the law of this Circuit and <u>Cocoran</u>, the Court has already correctly allowed this issue to go to the jury.

> Put simply, the jury, not the judge, must decide the disputed foundational or historical facts that underlie the determination [of probable cause].

<u>Id.</u> at 1090.

In respect to what are any remaining issues, this Court has already ruled on these issues and applied the correct law in denying Plaintiff's pre-verdict motion for Judgment as a Matter of Law. By its own account, the Court stated at Trial:

> Well, certainly looking at the evidence in the light most favorable to the defense – since this is your motion for judgment as a matter of law, I do find the evidence certainly to be in dispute, and there to be evidence from which a jury could conclude that state law in this case was not violated with respect to the execution of the MH-1, and that Mr. Arekat's civil rights were not violated, concerning the issues surrounding his detention - for purposes of a motion for judgment as a matter of law. It is therefore denied.

See Instant Rough Transcript of Proceedings, Volume 4, pages 257-58, a true and correct copy of the relevant portion is attached hereto as Exhibit "A."

### B. The jury was properly instructed with regard to probable cause.

Although Plaintiff now asserts that the issue of probable cause should not have gone to the jury, Plaintiff did not challenge the specific jury instruction that related to probable cause. Plaintiff's counsel was given ample opportunity to place any objection to this on the record, but did not.

> Let me say at the outset that I met with the attorneys for some period of time, off the record, to consider the proposed jury instructions; and, at that time, with the attorneys, the instructions were carefully considered, the proposed instructions by the parties, carefully considered; the arguments

>     of the parties were considered, and the
>     court, along with the attorneys, determined
>     the appropriate instructions to be given to
>     the jury.  At this time, though, for the
>     record, I will permit counsel to state any
>     objections they may have to instructions
>     given, or to instructions refused.

See Instant Rough Transcript of Proceedings, Volume 5, pages 11-12, a true and correct copy of the relevant portion is attached hereto as Exhibit "B."

After this statement by the Court, the only objection Mr. Seitz as counsel for Plaintiff raised, was to instruction number 42, which relates to mitigation of damages.  Plaintiff did not object to the instruction number 25, which dealt with probable cause and stated in relevant part as follows:

>     *** If you find that Defendants did not
>     comply with § 334-59(a)(1), then you shall
>     find that Defendants did not have probable
>     cause to arrest Plaintiff.  If you find that
>     Defendants did comply with § 334-59(a)(1),
>     then you shall find that Defendants had
>     probable cause to arrest Plaintiff.

See Jury Instruction No. 25, a true and correct copy of the relevant portion is attached hereto as Exhibit "C."

Based on this jury instruction, which Plaintiff did not object to, the jury found that probable cause existed.  The basis for this determination is clearly supported by the record and even referenced by Plaintiff's Motion.

>     Defendant De Caires testified that prior to
>     Plaintiff's arrest on the evening of December
>     15, 2003 she had received information about
>     Plaintiff from the FBI on or about December

> 4, 2003, and information reported to her by David Engle in the afternoon of December 15, 2003.
>
> \*\*\*
>
> On December 15, 2003 Defendant De Caires was informed by Deputy Attorney General Andreas that the Department of Health had received a call on their hotline from the FBI indicating that Plaintiff may be [a] threat to harm himself.

See Plaintiff's Motion and the testimony of Defendant De Caires and David Engle.

The testimony of Defendant De Caires and David Engle for purposes of a probable cause determination were confirmed by the testimony of Officer Troy Richards, who testified that he observed that Plaintiff was a danger to himself and others.

> Well, initially [Plaintiff] was upset because of the fact that he was being seemingly arrested, and I was trying to calm him down. Technically you're not being arrested, but – because of this MH-1 kind of situation. Through the conversation, he was telling me about his ideas of him being pursued, and being harassed by these other companies, and that they were putting out hits on him; surveillances that were far too technical and sophisticated for anything that – in the security world, in our city, anyway.

See  Instant Rough Transcript of Proceedings, Volume 4, pages 225-26, a true and correct copy of the relevant portion is attached hereto as Exhibit "D."

### C. **Officer Miranda is entitled to qualified immunity.**

Plaintiff's Motion should be denied in further respect, because it is now abundantly clear that Officer Miranda is entitled to qualified immunity.

Based upon the Order Denying Defendants Ancheta, De Caires, and Miranda's Motion for Summary Judgment, Filed December 19, 2005, the Court stated that there were two reasons why qualified immunity should not apply to officer Miranda. They were as follows:

> Genuine issues of material fact exist as to whether Miranda or his team were given consent to search the apartment. Miranda claims that he was given such consent; Marla Pangelinan, Sinser Paul, and Loleen Ligor, the people present at the apartment when the search was conducted, dispute this. As such Miranda is not entitled to qualified immunity on this claim.
>
> and
>
> Miranda also participated in the warrantless search of Plaintiff's office and the seizure of Plaintiff's weapons and ammunition. As noted above, there are genuine issues of material fact as to whether Plaintiff consented to the search or to the retrieval of his weapons. Miranda is not entitled to qualified immunity on this claim.

See Order Denying Defendants Ancheta, De Caires, and Miranda's Motion for Summary Judgment, Filed December 19, 2005.

The evidence adduced at trial, clearly shows that in regards to both of these events described above, there are no more issues of material fact that are in dispute. The jury

expressly found that Marla Pangelinan consented to the entry of the premises located at 2525 Date Street, apartment 2202 on December 15, 2003, Officer Miranda did not unlawfully enter into these premises on this date, Plaintiff consented to being transported to A.P.I.'s office, once there Plaintiff consented to the search of his interior office, and Officer Miranda did not unlawfully search Plaintiff's office.  See Instant Rough Transcript of Proceedings, Volume 6, pages 6-8, a true and correct copy of the relevant portion is attached hereto as Exhibit "E."

Furthermore, there are express instances in the record of evidence to support the jury's determination of these issues. Officer Miranda and Troy Richards testified that Marla Pangelinan consented to the search of the apartment.  In addition, no witness placed Officer Miranda as a participant in the search of Plaintiff's office or during the retrieval of weapons.  On the other hand, there is evidence on the record that supports the jury verdict that Plaintiff consented to the search (i.e. the testimony of Officers Miranda, Raymond Ancheta, Letha De Caires, Troy Richards, and the video surveillance).

**IV.   Conclusion**

For the above-stated reasons, Officer Miranda respectfully requests that this Court summarily denies Plaintiff's Motion and allow the jury verdict reached on January

11, 2006, to stand and for such other and further relief as this Court deems just and proper under the circumstances.  In the alternative, Officer Miranda requests that this Court find that he is entitled to qualified immunity and dismiss all claims and counts as alleged in Plaintiff's Third Amended Complaint, filed on December 17, 2004, against him.

        DATED: Honolulu, Hawaii, <u>February 24, 2006</u>.

        <u>/S/ Christopher T. Chun</u>
        LYLE S. HOSODA
        CHRISTOPHER T. CHUN

        Attorneys for Defendant
        MIKE MIRANDA