# EXHIBIT A

010906

10  Mr. Arekat, as to his continuing detention after the police
11  first encountered him and observed him.
12          THE COURT: Okay.
13          Anything any of you wish to say with respect to
14  this?
15          MR. DANDAR: Yes, Your Honor.
16          I think the record is full, and it's abundant, with
17  references to testimony that, particularly, what we have just
18  heard from officer Tsuda, and officer Richards: That they
19  engaged Mr. Arekat in conversation, or he engaged them; that
20  he was speaking of the police department being used as a tool,
21  by his competitors, to further their harassment of him.
22          We have to look at what was put on the MH-1. What
23  was on the MH-1 was that he was delusional and paranoid; and
24  that Sharon Black testified that she made a determination,
25  based upon what was presented to her, on December 15th, 2003,

257

1   that he was an imminent danger of injury to himself or to
2   others, or to harm.
3           So the record is full of reasons, and testimony to
4   support the MH-1.
5           There is all the material that was supplied to
6   Sharon Black, by either the FBI visitor report, or the HPD
7   report 252, which is the statement of Mr. Engle, which he
8   attested to today.
9           As to the seizure of the weapons, there was
10  testimony by Officer Miranda, there was testimony by officer
11  Richards, and perhaps officer Tsuda, that there was consent --
12  he says, you want the guns? Go get the guns.
13          There is unmistakably, in that particular case,

010906

14  references to -- and enough for the jury to decide whether or
15  not consent was given.  I think that the motion, as such,
16  should be denied.
17         THE COURT:  Well, certainly looking at the evidence
18  in the light most favorable to the defense -- since this is
19  your motion for judgment as a matter of law, I do find the
20  evidence certainly to be in dispute, and there to be evidence
21  from which a jury could conclude that state law in this case
22  was not violated with respect to the execution of the MH-1,
23  and that Mr. Arekat's civil rights were not violated,
24  concerning the issues surrounding his detention -- for
25  purposes of a motion for judgment as a matter of law.

258

1          It is therefore denied.
2          Anything else?
3          Are you just renewing your motions?
4          MR. TANAKA:  That's right, Your Honor, just renewing
5   the motions.
6          MR. HOSODA:  Yes, Your Honor.
7          THE COURT:  All right.
8          I will continue to take them under advisement until
9   we are done sorting out the law.  I want to think about a few
10  things tonight -- although I will say this:
11         The motion for negligent infliction --
12         MR. DANDAR:  Infliction of emotional distress?
13         THE COURT:  It's late in the day.
14         Negligent infliction of emotional distress, that
15  particular motion, Mr. Seitz, I believe, should be granted.
16  There isn't any evidence of physical injury in this case.
17         So I don't believe, as a matter of law, that that

010906

18  particular claim can be sustained.
19       I'm granting the defendants' motion for judgment as
20  a matter of law on the negligent infliction of emotional
21  distress.
22       My inclination is to let the other claims go to the
23  jury, however. I'm going to think about that tonight.
24       Okay, are we done on the record this afternoon?
25  Anything else to take up?

259

1         MR. TANAKA: No, Your Honor.
2         MR. DODD: No, Your Honor.
3         MR. DANDAR: No, Your Honor.
4         MR. HOSODA: No, Your Honor.
5         THE COURT: Okay.
6         Why don't we take a break for a few minutes, you
7   know, collect your stuff. We'll meet in my office and settle
8   the jury instructions.
9         We stand in recess.
10        THE CLERK: All rise.
11        (The hearing was adjourned at 3:46 p.m.)
12              - - -
13
14
15
16
17
18
19
20
21