DANDAR ♦ SUEMORI
A Limited Liability Law Company

JAMES P. DANDAR - 1441
JAY T. SUEMORI – 3340
Davies Pacific Center
841 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel No.: (808) 532-1711

Attorneys for Defendant
LETHA DE CAIRES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc., <br><br>Plaintiff, <br><br>vs. <br><br>LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, CITY AND COUNTY OF HONOLULU, and JOHN DOES 1-25, <br><br>Defendants. | Civil No. CV03-00710 HG/KSC <br><br> DEFENDANT LETHA DE CAIRES' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW FILED ON JANUARY 20, 2006; DECLARATION OF COUNSEL; EXHIBITS "A" – "D"; CERTIFICATE OF SERVICE. <br><br> HEARING: <br> Date: March 17, 2006 <br> Time: 2:00 p.m <br> Judge: Honorable Barry M. Kurren <br><br> TRIAL: January 4, 2006 |

DEFENDANT LETHA DE CAIRES' MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
AS A MATTER OF LAW FILED ON JANUARY 20, 2006

Comes Now Defendant LETHA DE CAIRES (hereinafter "De Caires"), by and

through her attorneys, Dandar ♦ Suemori, *A Limited Liability Law Company*, and hereby submits

her Memorandum in Opposition to Plaintiff's Motion For Entry of Judgment As a Matter of Law filed on January 20, 2006.

I.   FACTS.

This case revolves around the events leading up to, and including the issuance and execution of an MH-1 on December 15, 2003 for the purpose of conducting a mental health evaluation of the Plaintiff, Mansour Arekat (hereinafter "Plaintiff").

The MH-1 was issued pursuant to §334-59, Hawaii Revised Statutes (herereinafter "HRS") after a comprehensive investigation conducted by De Caires which included statements, reports, documentation and other sources of evidence from individuals, the State Attorney General's Office and the Federal Bureau of Investigation (hereinafter "FBI").

In addition, to ensure full compliance with §334-59, HRS, and confirm that probable cause existed for the issuance of the MH-1, De Caires contacted Sharon Black (hereinafter "Black"), a certified mental health worker associated with the Honolulu Police Department (hereinafter "HPD"), to review the files and records of the investigation of Plaintiff. After her own independent analysis of the evidence and records comprising De Caires' investigation, as well as Black's own interview of David Engle, a former employee of Plaintiff's company, Black concluded there was probable cause to issue an MH-1 for an emergency mental health examination of Plaintiff and prepared and issued the MH-1.

After preparing the MH-1, Black arranged for the assistance of HPD's Specialized Services Division (hereinafter "SSD") in executing the MH-1, resulting in Plaintiff's mental health evaluation at the Queen's Medical Center in the evening of December 15, 2003.

Plaintiff filed this lawsuit as a result of his detention and mental health evaluation which resulted from the execution of the MH-1. The jury trial in this case was held from January

4 through 10, 2006. At the conclusion of the Defendants' case on January 9, 2006, Plaintiff orally submitted his first motion for judgment as a matter of law. This motion was denied by the Court which found that there was "<u>evidence from which a jury could conclude that state law in this case was not violated</u> with respect to the execution of the MH-1, and that <u>Mr. Arekat's civil rights were not violated</u>..." (True and correct copies of pages 257-8 of the Instant Rough Transcript of Proceedings, Volume 5, are attached as Exhibit "A") (emphasis added.).

On January 11, 2006 the jury rendered its verdict in favor of all remaining Defendants and against Plaintiff.

II.    <u>LEGAL STANDARD</u>.

"[I]n entertaining a motion for judgment as a matter of law... the court must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." <u>Johnson v. Paradise Valley Unified School District</u>, 251 F.3d 1222, 1227 (9th Cir. 2001). In fact, the Courts have gone so far as to hold that "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe," (citing <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000)) "and may not substitute its view of the evidence for that of the jury." Id at 1227 (citation omitted).

Furthermore, in reviewing a jury's verdict in a motion for judgment as a matter of law, the verdict must be upheld if it is supported by substantial evidence, and "substantial evidence" is defined as such evidence "adequate to support a conclusion <u>even if it is possible to draw two inconsistent conclusions from the evidence</u>." <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 856 (9th Cir. 1999) (emphasis added). Simply put, the Court can overturn a jury's verdict "only if, under the governing law, there can be but one reasonable conclusion as to the

verdict. In other words, the motion should be granted only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1283, (9th Cir. 2001).

    III.    DISCUSSION.

As already referenced, above, in denying Plaintiff's first (oral) motion for judgment as a matter of law on January 9, 2006, this Court has already found that there is "evidence from which a jury could conclude that state law in this case was not violated with respect to the execution of the MH-1, and that Mr. Arekat's civil rights were not violated." (emphasis added) (See Exhibit "A").

Nevertheless, Plaintiff now brings his present redundant Motion despite the fact that nothing has changed, other than the jury's verdict agreeing with the Court that state law was not violated in this case and Plaintiff's civil rights were _not_ violated.

    A.    There Was Substantial Evidence Presented to The Jury Upon Which the Jury Could Find Probable Cause

Plaintiff's Motion relies on his argument that there was insufficient evidence presented for the jury to find probable cause existed to issue and execute the MH-1 resulting in Plaintiff's mental health evaluation. The record reveals the opposite. Even in Plaintiff's supporting Memorandum to his Motion, he acknowledges the statements and evidence provided by David Engle (hereinafter "Engle") regarding Plaintiff's activities involving threats, drug abuse, use of firearms and paranoia. Plaintiff further admits that these statements and evidence are part of the trial record. See Plaintiff's Memorandum In Support of his present Motion at p. 4.

The evidence presented by Engle alone, including his testimony at trial, constitute "substantial evidence" sufficient to support the finding of the jury that probable cause was established by the Defendants in the issuance and execution of the MH-1 against Plaintiff.

4

Furthermore, additional voluminous evidence and testimony at trial clearly establish that there was sufficient and "substantial" evidence presented for the jury to reach its verdict in favor of the Defendants:

    1.    Testimony of Defendant Letha De Caires.

Plaintiff argues that the Defendants relied "solely on the uncorroborated claims" of Engle. However, as already indicated and supported by case law, referenced above, Engle's written and oral statements, as well as his testimony at trial, constitute "substantial evidence" upon which the jury could rely.

In addition, the testimony at trial of De Caires provided further evidence for the jury's consideration whether there was sufficient probable cause with respect to the issuance and execution of the MH-1. Contrary to Plaintiff's argument, De Caires' investigation incorporated and considered multiple sources of information about Plaintiff, including FBI agent Stephen Crist's first hand observation of Plaintiff and Crist's FBI reports based on Engle's as well as Plaintiff's own information provided to the FBI. (True and correct copies of pages 29-31 of the Instant Rough Transcript of Proceedings, Volume 2, are attached as Exhibit "B")

    2.    Testimony of Sharon Black.

Similarly, Black, who was not named as a Defendant, testified at trial that after her review of De Caires' investigation files and records and her independent interview of Engle, she concluded that there was sufficient evidence, i.e., probable cause, to support the issuance and execution of an MH-1 for Plaintiff. No further evaluation by other police officers was necessary to support the MH-1. (True and correct copies of pages 202-204 of the Instant Rough Transcript of Proceedings, Volume 4, are attached as Exhibit "C").

B.  Plaintiff Ratified the Jury Instructions Regarding Probable Cause.

Plaintiff cannot now object to the very instructions he participated in finalizing for submission to the jury. (True and correct copies of pages 11-13 of the Instant Rough Transcript of Proceedings, Volume 5, are attached as Exhibit "D"). In addition, Plaintiff was given further opportunity to make any objections to the final jury instructions and made no objections whatsoever to the instructions related to probable cause. (See Exhibit "D"). The jury instructions were submitted to the jury which ultimately and correctly determined that there was probable cause to issue and execute on the MH-1 to compel Plaintiff to undergo a mental health evaluation.

C.  Qualified Immunity.

De Caires joins in the arguments regarding qualified immunity presented by Defendants Mike Miranda and Raymond Ancheta in their respective memoranda in opposition to Plaintiff's present motion, and incorporates by reference, the arguments pertaining to qualified immunity presented in her Memorandum in Support of her Motion for Summary Judgment filed August 3, 2005.

IV.  CONCLUSION.

Based upon the foregoing reasons and authorities, Defendant Letha De Caires respectfully requests that this Honorable Court deny Plaintiff's Motion For Entry of Judgment As a Matter of Law.

DATED: Honolulu, Hawaii, February 27, 2006.

JAMES P. DANDAR
JAY T. SUEMORI
Attorneys for the Defendant
LETHA DE CAIRES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONSOUR AREKAT, Individually and in his capacity as chief operating officer and owner of Arekat Pacific Security, Inc., a Hawaii corporation dba A.P.I. Security, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LEE D. DONOHUE, LETHA DE CAIRES, MIKE MIRANDA, CITY COUNTY OF HONOLULU, and JOHN DOES 1-25, <br><br> Defendants. | Civil No. CV03-00710 HG/KSC <br><br> CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon counsel of record at their last known address on February 27, 2006 as follows:

|  | Hand Delivery | U.S. Mail |
|---|---|---|
| CARRIE K.S. OKINAGA, ESQ. <br> D. SCOTT DODD, ESQ. <br> Deputy Corporation Counsel <br> 530 S. King Street, Room 110 <br> City and County of Honolulu <br> Honolulu, Hawaii 96813 <br> Attorneys for Defendants <br> CITY AND COUNTY OF HONOLULU <br> and LEE D. DONOHUE | (X) | ( ) |

| | | |
|---|---|---|
| CARY T. TANAKA, ESQ.<br>Topa Financial Ctr.,<br>Bishop Street Twr.,<br>700 Bishop Street., Ste. 2001<br>Honolulu, Hawaii 96813<br>Attorney for Defendant<br>RAYMOND ANCHETA | ( X ) | ( ) |
| LYLE S. HOSODA, ESQ.<br>345 Queen Street, Suite 804<br>Honolulu, Hawaii 96813<br>Attorney for Defendant<br>MIKE MIRANDA | ( X ) | ( ) |
| ERIC A. SEITZ, ESQ.<br>LAWRENCE I. KAWASAKI, ESQ.<br>820 Mililani Street, Suite 714<br>Honolulu, Hawaii 96813<br>Attorney for Plaintiff<br>MANSOUR AREKAT | ( X ) | ( ) |

DATED: Honolulu, Hawaii, February 27, 2006.

JAMES P DANDAR, ESQ.
JAY T. SUEMORI, ESQ.
Attorneys for Defendant
LETHA DE CAIRES

2