IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANSOUR AREKAT, individually )<br>and in his capacity as chief operating )<br>officer and owner of Arekat Pacific )<br>Security, Inc., a Hawaii corporation )<br>dba A.P.I. Security, Inc., )<br>                                    )<br>        Plaintiff,            )<br>                                    )<br>   vs.                         )<br>                                    )<br>LEE D. DONAHUE, LETHA )<br>DECAIRES, MIKE MIRANDA, )<br>RAYMOND ANCHETA, CITY )<br>AND COUNTY OF HONOLULU, )<br>and JOHN DOES 1-25, )<br>                                    )<br>       Defendants.     )<br>_____ ) | CIVIL NO. 03-00710 BMK<br><br>ORDER STRIKING DEFENDANT<br>CITY AND COUNTY OF<br>HONOLULU'S BILL OF COSTS |

ORDER STRIKING DEFENDANT CITY AND COUNTY OF HONOLULU'S
BILL OF COSTS

Before the Court is Defendant City and County of Honolulu's ("Defendant") Bill of Costs. Pursuant to the Local Rules of the District of Hawaii ("LR") 7.2(d), the Court finds this matter suitable for disposition without a hearing. For the following reasons, the Court hereby STRIKES Defendant's Bill of Costs.

FRCP 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

The court "has wide discretion in awarding costs under [FRCP] 54(d)." <u>Yasui v. Maui Elec. Co.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). In awarding costs, the court "has discretion to fix the costs," but cannot "tax costs beyond those authorized by statute." <u>Johnson v. Pacific Lighting Land Co.</u>, 878 F.2d 297, 298 (9th Cir. 1989). The prevailing party may seek reimbursement for costs in conformity with 28 U.S.C. §§ 1821, 1920-1925. LR 54.2(f).

After careful review of Defendant's Bill of Costs, the Court Finds that Defendants failed to comply with LR 54.2(c). First, LR 54.2(c) requires the prevailing party to submit an "affidavit contain[ing] a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs." In the affidavit, the "prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held." LR 54.2(c). Defendant failed to comply with this section of LR 54.2(c) because they did not address whether an attempt was made to meet and confer or alternatively, why a conference was not held.

Secondly, LR 54.2(c) requires the prevailing party to "state separately and specifically each item of taxable costs claimed" and provide "a memorandum setting forth the grounds and authorities supporting the request and an affidavit that

the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." Although Defendant submitted a list of each cost item claimed, Defendant failed to submit a memorandum and an adequate declaration of counsel to support their request for costs. For instance, Defendant's declaration of counsel stated that "[t]o the best of my knowledge and belief, the items of costs listed in the attached Bill of Costs are true and accurate, have been necessarily incurred in this action, and services charged have been actually and necessarily performed as stated therein." (Dodd Decl. 2) From this submission, the Court cannot determine whether any of these costs were necessarily obtained for use in this case. Therefore, because Defendant failed to comply with LR 54.2, the Court hereby STRIKES Defendant's Bill of Costs.

      IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 4, 2006

Arekat v. Donohue et al.; CIV NO. 03-00710 BMK; ORDER STRIKING DEFENDANT CITY AND COUNTY OF HONOLULU'S BILL OF COSTS